STATE of Missouri, Respondent,

v.

Max C. SIMPSON, Appellant.

Max C. SIMPSON, Respondent,

v.

STATE of Missouri, Appellant.

No. 75000.

Supreme Court of Missouri,
En Banc.

Jan. 26, 1993.

725

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

A jury found the appellant, Max Simpson, guilty of forcible rape and second degree assault and the trial court sentenced appellant to concurrent terms of thirty and seven years respectively. Appellant sought *Rule 29.15* relief, which the motion court denied after an evidentiary hearing. The Missouri Court of Appeals, Southern District, affirmed the direct appeal and dismissed the appeal of the *Rule 29.15* judgment. This Court granted transfer to consider whether an information amended so as to violate *Rule 23.08* and § 545.300, RSMo 1986, nullifies the proceedings upon the amended information. Direct appeal affirmed. *Rule 29.15* appeal dismissed.

Appellant does not challenge the sufficiency of the evidence. The victim was at a bar when appellant entered. The victim had become acquainted with appellant when they both attended high school, and they engaged in brief conversation. During the conversation, appellant asked victim about stains the victim had on her hands. The victim explained that she had been staining a cabinet in an apartment she owned and wanted to lease. Appellant expressed an interest in renting the apartment. Appellant and the victim left the bar in the victim's car. The victim planned to show the apartment to appellant, then take appellant to his aunt and uncle's home, where he resided.

Appellant and victim went to the victim's house so that the victim could plug in an extension cord, which supplied electricity to the apartment. While there, appellant began kissing the victim who told him "no" and said she should take him to his aunt and uncle's home. Appellant wrapped the electrical cord of a vaporizer around the victim's neck and tightened it so that the victim could not breathe. The victim lost, then regained, consciousness. Appellant dragged the victim into her bedroom where he forcibly removed her clothes. During the following two hours, appellant engaged in sexual intercourse with the victim three times. He threatened to kill her, and he repeatedly slapped her and struck her with his fists.

Later able to escape, the victim ran to her neighbors' residence and called the sheriff's department. Appellant was arrested soon afterward. The victim was examined by an emergency room physician at a local hospital. The physician discovered numerous areas of redness, bruises and abrasions on the victim's body, scratch marks on one breast and the lower back, swelling over the lower back, and red marks around the neck.

The prosecutor originally filed a three-count information against appellant. Count I alleged that he committed the crime of felonious restraint, § 565.120, RSMo 1986, a class C felony. Count II charged him with a class C felony of second degree assault, § 565.060, alleging he "recklessly caused serious physical injury to [the victim] by hitting her about the face and attempting to choke her with an electrical cord." Count III alleged "Defendant, in violation of § 566.030, RSMo, committed the class B felony of rape ... in that ... the defendant had sexual intercourse with [the victim], to whom defendant was not married, without the consent of [the victim], by the use of forcible compulsion."

Six days prior to trial, the prosecutor filed a two-count amended information. Count I of the amended information

charged appellant with a class B felony of first degree assault (§ 565.050) "in that ... the defendant attempted to cause serious physical injury to [the victim] by choking her." Count II charged that he "committed the class A felony of forcible rape ... in that ... the defendant had sexual intercourse with [the victim], to whom defendant was not married, without the consent of [the victim] by the use of forcible compulsion, and in the course of such offense, the defendant displayed a dangerous instrument in a threatening manner." The amended information did not charge the defendant with felonious restraint.

The court instructed on first degree assault and the lesser included offense of second degree assault and class A felony forcible rape and the lesser included offense of forcible rape. The jury found the defendant guilty of second degree assault and forcible rape.

Appellant contends in his point relied on in the direct appeal that the trial court erred in allowing the state to file the amended information because "the amended information charged two different offenses than those charged in the original information and such amendment was prejudicial to [the appellant]." In his argument appellant further alleges that what he terms the "defect" in the amended information deprived the court of jurisdiction to proceed on the amended information.

■ Raised for the first time on appeal, appellant's claim is reviewed for plain error. *Rule 30.20.* Under plain error review, this Court will not reverse appellant's conviction unless the alleged error resulted in manifest injustice or a miscarriage of justice to the appellant. *Id.*

Appellant's claims rest on *Rule 23.08* and § 545.300. *Rule 23.08* provides in part: "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged, and if the defendant's substantial rights are not thereby prejudiced." Section 545.-300 provides:

> An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would

operate to charge an offense different from that charged or attempted to be charged in the original information.... No amendment of the information ... shall cause a delay of the trial unless the defendant shall satisfy the court that such amendment ... has made it necessary that he have additional time in which to prepare his defense.

■ The state concedes that first degree assault and second degree assault are different offenses. The first question at issue, therefore, is whether the amended information charged a different rape offense for the purpose of application of *Rule 23.08* and § 545.300. This Court concludes that it did.

Section 566.030.1–.2, RSMo 1986, (repealed), under which appellant was charged in both the original and amended information, provided in pertinent part:

> 1. A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion.
>
> 2. Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section is a felony for which the authorized term of imprisonment ... is life imprisonment or a term of years not less than five years, unless in the course thereof the actor ... displays a deadly weapon or dangerous instrument in a threatening manner ... in which cases forcible rape or an attempt to commit forcible rape is a class A felony.

*Id.*

The state contends that § 566.030.2 is merely an enhancement provision. The state's argument was addressed by the Missouri Court of Appeals, Eastern District, in *State v. Badakhsan,* 721 S.W.2d 18 (Mo.App.1986). The indictment in *Badakhsan* charged the defendant with four counts of forcible rape. He was convicted of four counts of the class A felony of forcible rape aggravated by subjecting the victim to sexual intercourse with more than one person. *Id.* at 19. The state contended that the failure to allege the aggravating circumstance of multiple men related

only to punishment. The court rejected the state's argument:

> First, the crime of rape is not the same as aggravated rape. They are of a different class with different punishment and we determine sufficiency of charge on the basis of whether defendant was sufficiently notified of what crime is charged. Second, even if the state were correct that the additional element under § 566.030.2 ... goes only to punishment, it still must be alleged. Both matters of aggravation and matters that enhance sentence must be pleaded.

*Id.* at 20–21 (citations omitted). *See also Weeks v. State,* 785 S.W.2d 331, 332 (Mo. App.1990); *Wescott v. State,* 731 S.W.2d 326, 331 (Mo.App.1987); *State v. Greathouse,* 789 S.W.2d 50, 53 (Mo.App.1990); *State v. Couch,* 523 S.W.2d 612, 614–15 (Mo.App.1975).[1]

In the present case, the amended information specifically charged appellant with the class A felony of forcible rape which requires evidence that in the course of the commission of the rape the defendant displayed a dangerous instrument in a threatening manner. § 566.030.2. For the purposes of application of *Rule 23.08* and § 545.300, the amended information charges an offense different from that charged in the original information. The amended information violates *Rule 23.08* and § 545.300.

▮ Appellant contends that when an amended information violates *Rule 23.08* and § 545.300, the amended information

and the subsequent proceedings upon it are a nullity because the "defective information" deprives the trial court of jurisdiction. *See e.g., State v. Gladies,* 456 S.W.2d 23, 24–25 (Mo.1970). This Court has recently addressed and rejected a similar contention in *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc) (December, 1992). "[S]ubject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of those concepts serves only to confuse the issue to be determined. Circuit courts obviously have subject matter jurisdiction to try crimes...." *Id.,* at 35. The *Parkhurst* reasoning applies equally to amended informations. The trial court had authority to proceed on the amended information in the present case.

▮ Since the trial court had jurisdiction to proceed upon the amended information, the question then becomes whether the violation of *Rule 23.08* and § 545.300 requires reversal. In the present case, it does not. Appellant waived his right to object to proceeding on the amended information.

▮ It is significant that the amended information in this case was filed six days prior to trial. The amended information became, for all purposes, a new information. As determined, the court had jurisdiction to proceed upon it. Certain requirements attend the filing of a new information. Upon the filing of a new information, the general rule is that a preliminary hearing is required. § 544.250, RSMo 1986. A

---

1. The cases upon which the state relies in support of its argument that the amended information merely enhanced the punishment and did not charge a new or different offense are distinguishable from *Badakhsan* and the present case. *State v. Adams,* 808 S.W.2d 925, 933 (Mo.App. 1991); *State v. Rogers,* 758 S.W.2d 199, 201–02 (Mo.App.1988); and *State v. Pinson,* 717 S.W.2d 266, 269 (Mo.App.1986), involve amended informations that charged, for the first time, the defendant as a prior or persistent offender. It has long been recognized that amended informations that charge a defendant as a prior or persistent offender do not charge a different or additional offense because the amendments do not allege additional elements that change the nature of the charge; they merely authorize assessment of additional punishment if the defendant is found guilty of the principal charge.

*State v. Ninemires,* 306 S.W.2d 527, 530 (Mo. 1957); *see also State v. Miller,* 202 S.W.2d 887, 890 (Mo.1947).

In the remainder of the cases cited by the state, the defendant was charged with a specific grade of felony, but the original information failed to include an element essential to assessing punishment for the commission of the crime charged. The amended information in each case did not change the felony or even the range of punishment; it merely included the missing elements necessary for assessing punishment for the offense as originally charged. *State v. Bradshaw,* 643 S.W.2d 834, 836 (Mo.App.1982); *State v. Clemmons,* 682 S.W.2d 843, 846 (Mo. App.1984); *State v. Adams,* 741 S.W.2d 781, 785 (Mo.App.1987); *State v. Thornhill,* 770 S.W.2d 701, 702 (Mo.App.1989).

preliminary hearing is not required, however, where the person charged with the crime waives the preliminary examination. *Id.* An accused waives his right to object to the absence of a preliminary hearing when the accused proceeds to trial without an objection. *State v. Wood,* 596 S.W.2d 394, 400 (Mo. banc 1980). Appellant requested no continuance nor did he object at any time prior to the absence of a second preliminary hearing. He did not move to dismiss the amended information. Appellant waived his right to a preliminary hearing on the amended information.

In accord is *Rule 24.04(b)(2),* which provides that the accused waives his right to object to the indictment or information if the objection is not made by motion before trial, except for objections that the indictment or information fails to show jurisdiction or to charge an offense. Neither exception to *Rule 24.04(b)(2)* applies here. Here, an amended information was filed and the case proceeded to trial without objection. *See State v. Williams,* 800 S.W.2d 118, 119 (Mo.App.1990). Appellant waived his right to object to the information.

■ Under *Rule 24.04(b)(2)* the court may grant relief from the waiver for good cause shown. This Court undertakes gratuitous review in this case for the purpose of determining whether relief should be granted. Appellant's convictions may be reversed only if his "substantial rights" were prejudiced by proceeding on the amended information. *See Parkhurst,* at 35. Appellant has not shown cause to reverse his convictions.

■ The substantial rights an information is designed to further are: (1) to inform a defendant of the charges against him so that he may adequately prepare a defense, and (2) to protect the defendant against double jeopardy. *Parkhurst,* at 33–34 (quoting *Deluca v. State,* 465 S.W.2d 609, 612 (Mo.1971)). The amended information in the present case informed appellant of the charges against him. Appellant, who sought no continuance and never objected to proceeding on the information,

now cursorily claims in his brief, without developing his claim, that he was unable to prepare an adequate defense; however, appellant's defense at trial reveals that he was prepared to address the charges in the amended information. His defense was designed and, if believed by the jury, was sufficient to refute the charges of both the class A felony of forcible rape and first degree assault. Appellant's defense was that appellant and the victim left the bar earlier than was indicated by the victim and that the appellant and the victim engaged in consensual sexual activity, but not actual intercourse, in the victim's truck. Appellant then went to the victim's house with the victim and left when other men arrived at the victim's house. Appellant's bare assertion of his inability to prepare an adequate defense is unsubstantiated. Appellant's right to be free from double jeopardy, the second of the rights the information is designed to protect, is not at issue. In summary, neither the right to notice nor the right to protection from double jeopardy was violated by appellant's having been brought to trial under the amended information in this case.

Appellant also appeals the motion court's denial of his motion for summary judgment on appellant's *Rule 29.15* motion. Appellant contended that the trial court lacked jurisdiction because of the filing of the amended information. After an evidentiary hearing, the motion court denied the summary judgment motion, entered findings of fact and conclusions of law on the merits of the *Rule 29.15* motion, and denied relief.

■ Appellant limits his appeal to the allegation that the motion court erred in denying his motion for summary judgment. The court's ruling on the summary judgment motion was not an appealable order. *Wilson v. Hungate,* 434 S.W.2d 580, 583 (Mo.1968). Even if the denial of the summary judgment motion were appealable, *Parkhurst* makes clear that the trial court had jurisdiction to hear the case. *Parkhurst,* at 34.[2]

---

2. Gratuitous review of the court's judgment on the merits of the *Rule 29.15* motion reflects that the court's findings and conclusions are not clearly erroneous.

The judgment on the direct appeal is affirmed. The appeal of the *Rule 29.15* summary judgment order is dismissed.

All concur.