STATE of Missouri, Respondent,

v.

Gary A. LOVE, Appellant.

No. 24526.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 2002.

Motion for Rehearing or Transfer
Denied Oct. 22, 2002.

Michael Baker, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Gary Love ("Appellant") appeals from his conviction, after a jury trial, of the Class D Felony of unlawful merchandising practice. § 407.020.[1] Appellant was sentenced to a term of imprisonment of three years. He now raises six points of trial court error, discussed below. We affirm.

1. Statutory references are to RSMo 2000, unless otherwise set out. References to rules are to Missouri Court Rules (2000), unless otherwise noted.

The sufficiency of the evidence is at issue in this appeal. "The evidence is restated below in the light most favorable to the trial court's judgment, including all reasonable inferences tending to support that judgment and ignoring all contrary inferences." *State v. Shaw*, 847 S.W.2d 768, 771 (Mo. banc 1993). Our review is "limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found [Appellant] guilty beyond a reasonable doubt." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998).

Viewed from the foregoing perspective, the record reveals that in mid 1997 Appellant contacted Roy Williams about Mr. Williams purchasing Lots 2 and 3 in the Cedar Lakes Estates subdivision in Greene County. The parties settled on a selling price of $75,000.00, and Mr. Williams gave Appellant a down-payment of $7,500.00. At closing, Mr. Williams gave Appellant the balance owed on the purchase price, and Appellant conveyed title to the property by way of a warranty deed, together with "a title insurance commitment," which Mr. Williams assumed was a title insurance policy, and a letter.[2]

In the following year, after a title search was done on the property he had purchased, Mr. Williams discovered that the property was encumbered by a prior lien of a deed of trust, securing a note previously executed by Appellant in the amount of $195,000.00. To protect his interest in the property from being sold at a pending foreclosure, Mr. Williams purchased the outstanding note from the lienholder for $107,936.32.

An investigation by the Greene County Sheriff's Department revealed that Appellant had not applied the balance of the $66,139.00 generated by Mr. Williams' purchase against the outstanding loan amount. Instead, Appellant took the balance of the money and purchased two cashier's checks at Nation's Bank and subsequently deposited the cashier's checks in one of Appellant's bank accounts at Liberty Bank, save for approximately $1,200.00 which he obtained in cash. Later, in a statement to law enforcement officials, Appellant declared he had kept Mr. Williams' money because he needed "surplus money" and related that he "just screwed up," and that "I'm sure I'll have to pay for that one." On cross-examination Appellant admitted he never obtained a release of the deed of trust from the lienholder.

At trial, Mr. Williams testified that Appellant had never advised him of any loans secured by the property or of any outstanding mortgage/deed of trust on the property, other than by what was written in the letter. He related that he had purchased the property based on what Appellant had told him.

A Greene County grand jury returned an indictment against Appellant on February 24, 2000, charging him with violating § 407.020. Appellant filed a motion to dismiss indictment, claiming defects in the charging instrument. Before the trial court ruled on Appellant's pending motion to dismiss, the State, with the trial court's permission, seasonably filed its third amended information in lieu of indictment. As previously mentioned, a jury trial was held, ending with Appellant's conviction.

---

**2.** In the letter, Appellant wrote: "Once I have your check I will make payment to Great Southern Bank and obtain for you the release. Once that release is recorded, which takes a little while, a little time in terms of Great Southern acting administratively, I will request the final title insurance policy for you." Mr. Williams testified that he did not pay a lot of attention to the letter.

In his first point, Appellant maintains the trial court erred by overruling his motion to dismiss indictment because the indictment failed to properly charge a crime under § 407.020, thereby depriving the trial court of subject matter jurisdiction. In particular, he argues the indictment: (a) set out pleaded facts in the "disjunctive," such that he was not informed as to which acts he was charged with having committed; and (b) failed to charge him with the willful and knowing violation of the statute with the intent to defraud.

■■■■ "The purpose of an indictment or information is to inform the accused of [the] charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in the event of acquittal." *State v. Stein*, 876 S.W.2d 623, 626 (Mo.App.1994). Accordingly, the "charging document is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charge, and enables the defendant to plead double jeopardy as a bar to future prosecution for the same offense." *State v. Rotter*, 958 S.W.2d 59, 66 (Mo.App.1997); *see also State v. Boone Ret. Ctr., Inc.*, 26 S.W.3d 265, 270 (Mo.App.2000).

"Under § 407.020, the use by any person of any misrepresentation in connection with the sale of any merchandise[3] in trade or commerce ... is an unlawful practice, and any person who willfully and knowingly engages in any such practice with intent to defraud is guilty of a class D felony." *State v. Morin*, 873 S.W.2d 858, 865 (Mo. App.1994). "An accused cannot be found guilty unless the fact finder determines that he willfully and knowingly engaged in an unlawful practice and did so with the specific intent to defraud his victim by means of the unlawful practice." *Id.*

■■ Here, Appellant was originally charged by indictment, which read as follows:

> The Grand Jurors of the County of Greene, State of Missouri, charge that the defendant, in violation of Section 407.020, RSMo, committed the Class D felony of unlawful merchandise practices, punishable upon conviction under Sections 558.011, 560.016, RSMo, in that on or between July 23, 1997 and October 1, 1997, in the County of Greene, State of Missouri, the defendant, used or employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice *or* the concealment, suppression, *or* omission of a material fact in connection with the sale of lots 2 and 3 of Cedar Lake Ranch, Greene County, Missouri in that the defendant promised to provide marketable title to lots 2 and 3 of Cedar Lake Ranch for a price of $75,000.00 and that any loan, mortgage, or Deed of Trust would be cleared from the property in short order after the $75,000.00 from the victim, was paid, but marketable title was not given to the victim, until a foreclosure sale was had on the property and defendant did not intend on providing marketable title thereby making his statements and/or promises false and defendant knew they were false.

(Emphasis added.) While the foregoing indictment was defective chiefly because it failed to include the words "willfully and knowingly," or some variation thereof, *see Morin*, 873 S.W.2d at 865, nevertheless, it was not a nullity. It was sufficient to inform Appellant of the crime charged. *See Stein*, 876 S.W.2d at 626; *see also State v. Nash*, 621 S.W.2d 319, 324 (Mo.

---

**3.** As explained, *infra*, the term "merchandise" under the Unlawful Merchandising Practice Act encompasses real estate. § 407.010(4).

App.1981)("The language employed clearly implies that the entry was knowingly," although not recited in the information.)

The indictment stated "plainly, concisely, and definitely the essential facts constituting the offense charged" as required by Rule 23.01(b)(2). The omission of the words "knowingly or willfully" did not adversely impact on the *preparation* of Appellant's defense, particularly in light of the fact that the indictment made reference to Appellant having violated § 407.020, and subsection three thereof provides: "[a]ny person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony." § 407.020.3; *see Stein,* 876 S.W.2d at 626 ("the indictment made reference to § 570.010(6) which sufficiently notified defendant of the particulars of the offense"); *see also State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992); *State v. Madison,* 997 S.W.2d 16, 19 (Mo. banc 1999) (defendant must demonstrate actual prejudice to be entitled to relief even if charging instrument was incorrect); *State v. Pride,* 1 S.W.3d 494, 503 (Mo.App.1999) ("A defendant suffers actual prejudice only if the indictment was so deficient that the defendant was not placed on notice as to what crime he was being charged with, or was so lacking in clarity that the defendant was unable to properly prepare a defense.").

Additionally, regardless of the deficiency of the original indictment, the trial court still had subject matter jurisdiction to try the offense and personal jurisdiction over Appellant. *See Stein,* 876 S.W.2d at 626; *Parkhurst,* 845 S.W.2d at 35;[4] *see also State v. Simpson,* 846 S.W.2d 724, 727 (Mo. banc 1993).

"Rule 23.08 provides in part: 'Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced.'" *State v. Price,* 940 S.W.2d 534, 537 (Mo.App. 1997) (quoting Rule 23.08); *Boone Ret. Ctr.,* 26 S.W.3d at 268–69; *see also* § 545.300, RSMo (1994); Rule 23.11.

In response to Appellant's motion to dismiss indictment, the State was ultimately granted leave to file its third amended information. The following was added after the word "defendant" at the end of the sixth line of the indictment as previously set out: "GARY A. LOVE knowingly, willfully and with the intent to defraud". Additionally, the new charging instrument omitted the disjunctive word "or," italicized above at two different places.

Accordingly, the new and substituted charging instrument contained all of the elements of the offense and clearly apprised Appellant of the facts constituting the charged offense. *Stein,* 876 S.W.2d at 626; *State v. Patino,* 12 S.W.3d 733, 738 (Mo.App.1999). No new offense was

---

4. In support of his argument, Appellant cites *State v. Gilmore,* 650 S.W.2d 627, 628 (Mo. banc 1983) and *State v. Schaeffer,* 782 S.W.2d 68, 70 (Mo.App.1989) for the proposition that if an indictment is insufficient, the court acquires no jurisdiction and whatever transpires thereafter is a nullity. "For some time Missouri Courts mistakenly followed the rule that if an indictment or information is insufficient, the trial court lacks subject matter jurisdiction." *State v. Sparks,* 916 S.W.2d 234, 236 (Mo.App.1995). "However, in 1992 our Missouri Supreme Court put an end to this confusion, explaining that 'subject matter jurisdiction of the Circuit Court and sufficiency of the information or indictment are two distinct concepts.' " *Id.* (quoting *Parkhurst,* 845 S.W.2d at 34–35). We note that *Parkhurst* also stated that "[e]qually inaccurate is the statement in at least one case that absence of an information deprives the trial court of jurisdiction over the person." *Id.* at 35.

charged; hence there was no violation of either Rule 23.08 or section 545.300. *See Simpson*, 846 S.W.2d at 727. Point denied.

In his second point, which is merely an extension of his first point, Appellant maintains the trial court erred in permitting the State to file its third amended information. He asserts that the original indictment was "so defective as to be void and deprived the Trial Court of subject matter jurisdiction requiring dismissal of the case." Appellant further maintains the filing of the Amended Information was not permitted by Rules 23.08 or 23.11, and his right to a preliminary examination, pursuant to § 544.250, was likewise violated.[5] Appellant asserts he was deprived of a "probable cause determination by the Grand Jury or Associate Circuit Judge." We disagree.

■ "When an amendment is allowed pursuant to Rule 23.08, the test for prejudice is whether a defendant's evidence would be equally applicable and his defense equally available." *Price*, 940 S.W.2d at 537. Stated another way, the "test of prejudice is whether the planned defense to the original charge would still be available after the amendment." *Boone Ret. Ctr.*, 26 S.W.3d at 269.

■ In the instant matter, Appellant was originally charged with violation of the "Unlawful Merchandising Practices Act," which conduct is proscribed by § 407.020, and the charges remained the same under the substituted charging instrument. Appellant's defense was that he did not violate the statute, and this defense remained the same under the original indictment, as well as the substituted version of the

charging instrument. *Id.*; *State v. Sappington*, 873 S.W.2d 618, 626 (Mo.App. 1994). In his brief, Appellant has failed to demonstrate how he was prejudiced by the substitution of the third amended information for the original indictment. *Boone Ret. Ctr.*, 26 S.W.3d at 269.

Furthermore, as set out in our discussion of Point One, *supra*, it cannot be said that the original indictment was so defective that it did not by any reasonable construction charge the Appellant with the offense with which he was convicted. Appellant was placed on notice of the charge against him sufficient for him to prepare his defense to the charge. Additionally, the substituted charging instrument properly recited the essential facts supporting those charges. *State v. Hodges*, 829 S.W.2d 604, 606–07 (Mo.App.1992); *see Shaw*, 847 S.W.2d at 773.

■ Lastly, a "preliminary hearing was not required and was not held on the substitute information because the information filed was substituted for the then-pending indictment and charged no additional crimes." *State v. Turner–Bey*, 812 S.W.2d 799, 807 (Mo.App.1991) *overruled on other grounds by State v. Carson*, 941 S.W.2d 518 (Mo. banc 1997); *State v. King*, 662 S.W.2d 304, 308 (Mo.App.1983); *see also* § 544.250. Point denied.

■ In his third point, Appellant premises trial court error on the basis that it overruled his motion to dismiss the third amended information in lieu of indictment and his motions for judgment of acquittal at the close of the State's case in chief and at the close of all evidence for the reason that the "Information failed to allege that the transaction complained of was a 'public

---

**5.** Rule 23.08 was discussed in Point One. Rule 23.11 sets out that:

"No indictment or information shall be invalid, nor shall the trial, judgment or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant."

transaction'" as required by § 407.020 RSMo.

In support of this proposition, Appellant claims that *State ex rel. Danforth v. Independence Dodge., Inc.,* 494 S.W.2d 362, 368 (Mo.App.1973) and *State ex rel. Nixon v. Beer Nuts, Ltd.,* 29 S.W.3d 828, 837 (Mo. App.2000) require that the words "public transaction" be pleaded and proved. We disagree. In our review of *Independence Dodge, Inc.,* and *Beer Nuts, Ltd.,* we observe that while both cases state that the general *purpose* of section 407.020 is "to preserve fundamental honesty, fair play and right dealings in public transactions," *Danforth,* 494 S.W.2d at 368; *Nixon,* 29 S.W.3d at 837, we fail to see where anything in the foregoing cases remotely suggests that the allegation of a "public transaction" is required *to be pleaded* in the charging instrument. Indeed, the phrase is not found anywhere in § 407.020. Point denied.

■ In Point Four, Appellant premises trial court error in overruling his motions for judgment of acquittal both at the close of the State's case in chief and at the close of all evidence, in his post-conviction motion for judgment of acquittal N.O.V., and in his motion for new trial, on the basis that the State's evidence "failed to prove beyond a reasonable doubt that [Appellant] had committed the crime charged...." He maintains that the evidence showed that "the money was paid prior to [Appellant] promising to have the Deed of Trust released." This point has no merit.

Subsections 407.020.1 and .3, in pertinent part reads as follows:

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or adver-

tisement of any merchandise in trade or commerce ... is declared to be an unlawful practice.... Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

...

3. Any person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony.

For purposes of this litigation, to prove violation of the statute requires that the unlawful act by use of "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact" be committed by a person in connection with "the sale or advertisement of any merchandise in trade or commerce." § 407.020.1.

A "sale" includes the sale or attempted sale of "merchandise," and the term "merchandise" includes real estate. Furthermore, the terms "trade" or "commerce" include the "advertising, offering for sale, sale, or distribution, or any combination thereof." § 407.010(7). Additionally, subsection 407.020.1 specifically states that the unlawful practice violates the statute "whether committed before, during or after the sale, advertisement or solicitation."

Lastly, as previously set out, "[a]n accused cannot be found guilty unless the fact finder determines that he willfully and knowingly engaged in an unlawful practice and did so with the specific intent to defraud his victim by means of the unlawful practice." *Morin,* 873 S.W.2d at 865; *Shaw,* 847 S.W.2d at 776.

Here, the record reveals that Appellant expressly promised to pay off the loan at

Great Southern Bank and obtain a release of the note and a title insurance policy "in connection" with the sale of the property. The promise by Appellant was concomitant with the delivery of the deed and the title insurance commitment. These promises were never fulfilled although Appellant had the means at hand to accomplish them.

In cases involving fraud and false pretenses, the required mental state must ordinarily be shown by circumstantial evidence. *Shaw*, 847 S.W.2d at 778. Here, there was support in the record tending to prove that Appellant's promises and actions were performed knowingly, willfully and with the intent to defraud. *Morin*, 873 S.W.2d at 865–66. This is manifested by the fact that Appellant never applied Mr. Williams' purchase money against the outstanding note, as he had promised. Instead, the record shows Appellant, shortly after closing, purchased separate cashier's checks, which funds ultimately were placed in Appellant's separate account at Liberty Bank, and were kept for surplus funds. Appellant also retained approximately $1,200.00 of the funds as cash. Under these circumstances a jury could have reasonably found Appellant knew the representations he made to Mr. Williams were false and made with the intent to induce Mr. Williams to part with his money. *See id.* The evidence, both direct and circumstantial, formed a sufficient basis from which a reasonable jury could conclude beyond a reasonable doubt that Appellant was guilty of an unlawful merchandising practice. *Shaw*, 847 S.W.2d at 779.

■ In his fifth point, Appellant premises trial court error based on its failure to declare a mistrial after the State offered the rebuttal testimony of Mr. William Duplisse, regarding a prior business deal with Appellant. Prior to the rebuttal testimony, Appellant had been cross-examined by the State regarding whether or not he had ever been involved in any business deals in which he had not paid off loans that he was obligated to pay.

The State had represented to the trial court that the evidence would show Appellant had "pocketed the money" intended to pay a prior mortgage involving Mr. Duplisse. Appellant had objected that the testimony was inadmissible as prior bad acts and was irrelevant to the charge at hand. The trial court overruled the objection, finding the evidence tended to show intent and a common scheme or plan.

On rebuttal, Mr. Duplisse testified that Appellant had been tardy in paying off a prior loan, but stated that the loan was eventually paid. Following this testimony Appellant moved for a mistrial, and the trial court denied the request.

The trial court revisited the issues the following day, declaring it no longer believed that Mr. Duplisse's testimony related to Appellant's intent. The trial court then determined that Mr. Duplisse's testimony was inadmissible. It found, nevertheless, that the testimony was not very prejudicial and, once again, denied Appellant's request for a mistrial.

The trial court then instructed the jury, orally and in a subsequent written instruction, that Mr. Duplisse's testimony, as well as Appellant's cross-examination testimony, and related exhibits, were not to be considered by the jury, and were withdrawn and stricken from the record.

■ "The standard of review for a ruling on a request for a mistrial is abuse of discretion." *State v. Mahoney*, 70 S.W.3d 601, 606 (Mo.App.2002).

We will not reverse a trial court's exercise of discretion absent a showing of clear abuse and substantial prejudice resulting to the defendant. The declaration of a mistrial is a drastic remedy that should be employed only in extraordinary circumstances in which prejudice

to the defendant can be removed in no other way.

*Id.* (quoting *State v. Webber*, 982 S.W.2d 317, 322–23 (Mo.App.1998)). "A jury is presumed to have followed a trial court's instructions in the absence of a showing to the contrary." *State v. Williamson*, 836 S.W.2d 70, 73 (Mo.App.1992).

Considering other and more compelling evidence of Appellant's guilt, as previously recited, we cannot say that the jury failed to follow the trial court's instructions to disregard testimony and evidence relating to Appellant's business relations with Mr. Duplisse.

Just as important, while Mr. Duplisse's testimony may have revealed that Appellant had trouble paying back his loan, it is our view that in the final analysis, the State was unable to present to the jury evidence from its rebuttal witness that Appellant had, in fact, *never* repaid the loan. Given the actions of the trial court in its admonishment to the jury, both orally and in writing, not to consider any evidence relating to the transaction at issue, we cannot say that the trial court abused its discretion in overruling Appellant's motion for mistrial, or that Appellant suffered substantial prejudice from the trial court's denial of his motion for mistrial. *Mahoney*, 70 S.W.3d at 606.

■ In his sixth and last point of trial court error, Appellant maintains that the "trial court erred in not dismissing the charge against Defendant for the reason that it was barred by the Statute of Limitations."

Prior to trial, Appellant moved to dismiss the charge against him as barred by section 556.036, a three-year statute of limitations, because the third amended information had not been filed within three years of the offense. He maintains that since "the offense occurred on September 26, 1997, or October 1, 1997," and the State filed its third amended information on July 24, 2001, that the substitute charging instrument was outside the three year period provided for in the applicable statute of limitations. This point has no merit.

■ "[A] prosecution commences for purposes of the statute of limitations when an information is filed or an indictment returned and not when the complaint is filed." *State ex rel. Morton v. Anderson*, 804 S.W.2d 25, 26 (Mo. banc 1991); *see* § 536.036.5. "[E]ven though a charging instrument is so defective as to require dismissal, it remains effective for purposes of tolling the statute of limitations." *State ex rel. Wickline v. Casteel*, 729 S.W.2d 56, 59 (Mo.App.1987); *see Stein*, 876 S.W.2d at 626. The period of limitation does not run "[d]uring any time when a prosecution against the accused for the offense is pending in this state." § 556.036.6(3).

Here, Appellant was originally charged by indictment on February 23, 2000, for an offense committed between July 23, 1997, and October 1, 1997. As previously set out, despite its defects, the indictment was neither void nor did its defects deprive the trial court of subject matter jurisdiction. *Stein*, 876 S.W.2d at 626; *Parkhurst*, 845 S.W.2d at 34–35. The original indictment was filed within the three year statute of limitations. § 556.036.2. Even if the indictment had been so defective as to have warranted dismissal, it was sufficient to have tolled the statute of limitations so that the filing of the third amended information would have been timely under section 556.036. *See Stein*, 876 S.W.2d at 626. Point denied.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.