STATE of Missouri, Plaintiff–
Respondent,

v.

David L. TURNER, Defendant–
Appellant.

No. 24634.

Missouri Court of Appeals,
Southern District,
Division one.

Jan. 23, 2003.

Emmett D. Queener, Assistant State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Linda Lemke, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

David L. Turner ("Defendant") appeals from a judgment entered on his jury convictions of two counts of selling controlled substances in violation of § 195.211.[1] The conviction under Count I was for selling crack cocaine, and under Count II for selling marijuana. On appeal, Defendant

1. All statutory references are to RSMo (2000) unless otherwise noted.

alleges that the trial court erred in permitting the State to file an amended information the morning of trial, in permitting the State to cross-examine Defendant about a non-support conviction, in permitting the State to argue in closing that the non-support conviction violated his children's trust, and in imposing judgment against Defendant for Count I as a class A felony and for Count II as a class B felony.

The facts, viewed in the light most favorable to the jury verdict, are as follows. On October 21, 2000, around 4:40 p.m., two confidential informants and two police officers, Officers Sullivan and Penrod, were in a van conducting undercover drug purchases. The two informants were in the front of the van and the two police officers were hidden in the back where they could see anyone who came to the passenger side window. Also in the back of the van was a video monitor connected to a camera placed on the left side of the steering wheel facing the passenger door window to film the activity in the front part of the van.

Defendant flagged down the van and asked the informant sitting in the front passenger seat, "What do you need[?]" The informant told Defendant, "Crack," and Defendant replied, "Make a block," meaning that they should leave the area to permit him to get the requested drugs. The informants and officers drove around the block and, when they returned, Defendant approached the van. The driver asked Defendant, "Do you have a [twenty] sack[?]" and Defendant answered, "Do you want some bud, man? I got to go get you some bud, make another block." "Twenty sack" and "bud" are slang terms for marijuana. Before making another trip around

the block, the passenger gave Defendant twenty dollars, and Defendant gave him a rock of crack cocaine weighing 0.2 grams.

Later, Defendant waved down the van in front of a mini-mart, went to the window, and told the informants, "You m——— f are hot," indicating the police were watching the van. Nevertheless, the passenger then gave Defendant twenty dollars, and Defendant gave them 3.9 grams of marijuana.

The officers in the back of the van witnessed both sales. Officer Sullivan had known Defendant for four years, and Officer Penrod had known Defendant for two years. The officers, who were able to see Defendant clearly from their positions in the van, both identified Defendant as the one who sold the drugs to the informants. On the videotape, however, Defendant's face was somewhat obscured because the sun was shining on the camera lens.

Defendant testified at trial, denying that he sold crack cocaine, marijuana, or any drugs at all to the van's occupants. He admitted that he violated his parole by using crack cocaine the month before these offenses occurred, but said that he did not know where he had been the day of the crimes. He also testified that he had changed his appearance shortly before trial, but that his change in appearance was not motivated by a desire to appear differently than he did on the videotape.[2] He also said that he had pled guilty to all his prior crimes because he was guilty, but that he did not plead guilty to these charges because he did not "feel like" he was guilty.

Defendant was found guilty of the sale of cocaine and the sale of 3.9 grams of marijuana. The judgment and sentence

---

**2.** Defendant had longer hair and a moustache on the day he was videotaped selling the drugs and when he was arrested. Four or five days before trial, however, Defendant cut his hair short and shaved off his moustache.

identified these as a class A felony and a class B felony, respectively. He was sentenced, as a prior drug offender and a prior and persistent felony offender, to consecutive terms of ten years imprisonment on each count. This appeal followed.

 In his first point, Defendant contends that the trial court plainly erred in permitting the State to file an amended information the morning of trial. The amendment in question changed Count II from the sale of cocaine to the sale of marijuana and included allegations of prior drug and felony convictions. Because Defendant made no objection to the amendment, our review is only for plain error. *State v. Simpson*, 846 S.W.2d 724, 726 (Mo. banc 1993). To establish the need for relief from plain error, Defendant must "go beyond a mere showing of demonstrable prejudice." *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989). Rather, Defendant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is not corrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986).

 An information may be amended at the discretion of the trial court at any time prior to trial. *State v. Henderson*, 824 S.W.2d 445, 451 (Mo.App. E.D.1991). However, Rule 23.08 [3] provides in part: "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced."

By proceeding to trial without objection, Defendant waived his right to object to proceeding on the amended information. *See Simpson* at 727–28. In *Simpson*, the court held that reversal was warranted only if the defendant's substantial rights were prejudiced by proceeding on the amended information. *Id.* at 728. The court further held that the defendant was not entitled to relief from the waiver of the preliminary hearing based on his claim that he was unable to prepare an adequate defense. *Id.* The court noted that his defense, if accepted by the jury, would have applied to both the original charges and those contained in the amended information. *Id.* The same is true in the instant case.

Defendant asserts that he had a complete defense to the original charge of selling cocaine because the State could not produce any evidence regarding that charge. Therefore, Defendant argues that his substantial rights were prejudiced because he "lost a complete defense to the original charge just before he faced the jury." A review of the record, however, reveals that Defendant's actual defense, which was equally applicable to the new charge, was essentially that he was not the individual shown on the videotape making the sales. Defendant has not, therefore, demonstrated a right to relief from his waiver that would warrant a reversal. Defendant's first point is denied.

 In his second point, Defendant contends that the trial court abused its discretion in permitting the State to cross-examine him about whether his prior conviction for non-support indicated a violation of his children's trust. He argues that such cross-examination, permitted over his objection, was an improper means of challenging his credibility, and was prejudicial evidence of bad character.

The relevant portion of the cross-examination in question is as follows:

> [STATE]: Mr. Turner, you also indicated that you are on probation for nonsupport?

**3.** References to rules are to Missouri Rules of Criminal Procedure (2002).

[DEFENDANT]: Yes, sir.

[STATE]: How many children do you have?

[DEFENDANT]: Three.

[STATE]: Three children, how many are in the nonsupport case?

[DEFENDANT]: Two

[STATE]: Now you indicated that— when was the last time—you indicated to me that when you have children there is a situation with trust that you can take care of them as a father?

[DEFENDANT]: Yes, sir.

[DEFENSE COUNSEL]: Objection, irrelevant and improper impeachment.

THE COURT: I will overrule your objection. Go on.

[STATE]: And you would agree that when you don't take care of them, you have violated those two children's individual trust; is that right?

[DEFENDANT]: Yes, sir.

Defendant's objection to the first question came after the answer had been given. "In such cases, where an objection is made after the testimony has already been given, the objection comes too late." *State v. Delgado,* 774 S.W.2d 549, 551 (Mo.App. S.D.1989). Therefore, nothing was preserved for appellate review as to that question. Here, Defendant has not met his burden of showing a manifest injustice occurred that affected his substantial rights. Establishing that there is a relationship of trust between a parent and a child does not rise to the level of manifest injustice.

■■■■ Similarly, as to the follow-up question, Defendant did not object to the prosecutor's question, "And you would agree that when you don't take care of them, you have violated those two children's individual trust; is that right?" Where evidence is admitted without objection, the party against whom it is offered waives any objection, and it may be properly considered even if the evidence would be excluded by a proper objection. *Sellenriek v. Dir. of Revenue,* 826 S.W.2d 338, 339 (Mo. banc 1992). Here, because no objection was made at trial, the claim has not been properly preserved for review. *State v. Wright,* 934 S.W.2d 575, 584 (Mo. App. S.D.1996). An issue "not preserved may be considered only if the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *State v. Morrow,* 968 S.W.2d 100, 106 (Mo. banc 1998). We have reviewed for plain error, and find none. Defendant's second point is denied.

■■■■ Defendant's third point alleges plain error by the trial court in permitting the State to argue in closing that his prior conviction for non-support indicated a violation of his children's trust. Again he contends that this was an improper basis upon which to challenge his credibility, and was prejudicial evidence of bad character.

The relevant portion of the State's closing argument is as follows:

[STATE]: Successfully completed his drug rehab. That is supposed to be a shiny token. If he did, that is great. It doesn't mean he quit selling dope, because what is he going to do for his kids? If he did successfully complete that program, he should get a certificate.

[DEFENSE COUNSEL]: Objection, he's shifting the burden.

[STATE]: He had that ability just like everyone else did, to support them.

THE COURT: I sustained part of your—

[STATE]: He was the one that sold cocaine. He was the one that sold the marijuana. I am asking you to find him guilty.

You can't believe anything that he says. He, himself, already told you he has been convicted of stealing, that's deceit, and he has violated his own children's trust.

Defendant did not object to the State's argument, therefore, again this court may review only for plain error. *State v. Stuckey*, 680 S.W.2d 931, 937 (Mo. banc 1984).

Defendant suggests that the statement regarding the violation of his children's trust should be analyzed in isolation. "However, the statements were not made in a vacuum and we will not view them in that way." *State v. Tarkington*, 794 S.W.2d 297, 300 (Mo.App. E.D.1990).

First, the statement was made during the State's rebuttal argument after Defendant in his closing had attempted to bolster his own credibility and attack the credibility of the State's witnesses. The majority of the State's rebuttal argument was spent refuting Defendant's version of the testimony and evidence. This included attacking Defendant's credibility as a witness. Defendant acknowledges the reference to violating his children's trust was made "in the same breath" as the attack on Defendant's credibility.

■ Second, we note that courts are especially hesitant to find plain error in the context of closing arguments. This is because the decision to object is often a matter of trial strategy, and in the absence of an objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention. *State v. Mayes*, 63 S.W.3d 615, 632 (Mo. banc 2001). In fact, assertions of plain error relating to closing arguments are generally denied without explanation. *State v. Kinder*, 942 S.W.2d 313, 329 (Mo. banc 1996).

We are unable to find the statement caused a manifest injustice to Defendant or that it resulted in a miscarriage of justice. Defendant's third point is denied.

■ Defendant's fourth and final point alleges error in imposing judgment against him as to Count I as a class A felony and as to Count II as a class B felony. Instead, he argues that the sale of a controlled substance, other than five grams or less of marijuana, is a class B felony under Section 195.211, and that the sale of not more than five grams of marijuana is a class C felony under that statute. The State candidly admitted that the judgment entered by the trial court erroneously designated the classifications of the felonies for which Defendant was convicted.

Defendant was convicted under § 195.211, which states:

1. Except as authorized by sections 195.005 to 195.425 and except as provided in section 195.222, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

2. Any person who violates or attempts to violate this section with respect to any controlled substance except five grams or less of marijuana is guilty of a class B felony.

3. Any person who violates this section with respect to distributing or delivering not more than five grams of marijuana is guilty of a class C felony.

Here, Defendant was guilty of a class B felony for the sale of cocaine in Count I of the amended information and a class C felony for the sale of 3.9 grams of marijuana in Count II of the amended information.

The court found Defendant was a prior drug offender. Section 195.291 states:

1. Any person who has pleaded guilty to or been found guilty of a violation of section 195.211, when punishable as a class B felony, shall be sentenced to the authorized term of imprisonment for a class A felony if the court finds the defendant is a prior drug offender.

Under this statute, the range of punishment for Count I increases, but the class of the felony is unchanged.

The court also found Defendant was a prior and persistent felony offender. Section 558.016(7) states in pertinent part:

7. The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are:

(1) For a class A felony, any sentence authorized for a class A felony;

(2) For a class B felony, a term of years not to exceed thirty years;

(3) For a class C felony, a term of years not to exceed twenty years;

Under this statute, the range of punishment for Count II increases, but the class of the felony is unchanged.

Because Sections 195.291(1) and 558.016(7) do not change the class of the felonies, Defendant was guilty of a class B felony in Count I and a class C felony in Count II rather than the class A and B felonies, respectively, referred to by the trial court in its judgment. Defendant admits that the sentences imposed by the trial court are within the range of punishment for class B and C felonies, as enhanced by Section 558.016 concerning a prior and persistent felony offender and Section 195.291 concerning a prior drug offender. He requests that we remand to the trial court for the entry of an order correcting the identification of the felony classifications for which he was convicted. The State concedes the propriety of such action.

The judgment of convictions of the trial court is affirmed. The cause is remanded for entry of an amended judgment to reflect that Defendant was convicted and sentenced for a class B felony in Count I and a class C felony in Count II.

MONTGOMERY, P.J., and BARNEY, J., concur.