David L. TURNER, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26256.

Missouri Court of Appeals,
Southern District,
Division One.

March 24, 2005.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Assistant Attorney General, Jefferson City, MO, for respondent.

JAMES K. PREWITT, Judge.

David L. Turner ("Movant") was convicted by a jury of sale of a controlled substance, cocaine, and sale of a controlled substance, marijuana, both violations of § 195.211, RSMo 2000.[1]

The trial court sentenced Movant, in accordance with the jury's recommendation, to ten years' imprisonment on each count, with the sentences to run consecutively. Movant's direct appeal resulted in our affirming his conviction in *State v.* *Turner,* 94 S.W.3d 464 (Mo.App.2003) (*"Turner I "*). The facts of the underlying case may be found in that opinion. Movant subsequently sought post-conviction relief by filing a Rule 29.15 motion, asserting that his counsel at trial provided ineffective assistance.[2]

Following an evidentiary hearing, the motion court denied the motion. Movant now appeals from that denial. We affirm.

Movant contends the motion court clearly erred in denying Movant's motion for post-conviction relief because Movant was denied effective assistance of counsel in that trial counsel failed to object to the prosecutor's closing argument wherein he told the jury that Movant had "violated his own children's trust." Movant claims that his trial counsel should have objected because this argument was an improper basis upon which to challenge Movant's credibility and was prejudicial evidence of bad character, therefore trial counsel's strategy in failing to object was unreasonable.

## FACTS

At trial, during cross examination, the prosecutor questioned Movant about his former drug use and several "priors," one of which was stealing. The state began to ask Movant, "Stealing usually is an act of deceit; basically you took something from someone else and—" at which time trial counsel objected as improper impeachment. The court sustained the objection. The state then asked about Movant being on probation for nonsupport of two of his children. He suggested, "[Y]ou indicated to me that when you have children there is a situation with trust that you can take care of them as a father?" Movant answered "yes," but defense counsel objected

1. Unless otherwise noted, all statutory references are to RSMo 2000.

2. References to rules are to Supreme Court Rules, Rules of Criminal Procedure, 2004 unless otherwise noted.

to the question as improper impeachment and irrelevant. The trial court overruled his objection.

During closing arguments, the prosecutor remarked: "You can't believe anything he says. He, himself, already told you he has been convicted of stealing, that's deceit, and he has violated his own children's trust." Defense counsel made no objection.

On direct appeal to this Court, Movant averred that it was plain error for the trial court to permit the State to make the above closing argument. *See Turner I* at 468. This Court found that the statement about violating "his own children's trust" did not cause a manifest injustice to appellant and therefore was not plain error. *Id.* at 469.

Movant filed a *pro se* Rule 29.15 motion on March 5, 2003. Counsel was appointed, and an amended motion was filed June 5, 2003. In it, Movant alleged, in part, that counsel was ineffective in failing to object to the state's closing argument that Movant's conviction for non-support "constituted a violation of his children's trust and that [M]ovant's conviction for stealing constituted an act of deceit." An evidentiary hearing was held at which defense counsel testified that he had objected in cross-examination to the statement about violating the children's trust. However, since his objection was overruled at that time, he did not want to call attention to the statement during closing arguments by objecting and most likely being overruled again.

On April 1, 2004, the Honorable David A. Dolan entered findings of facts and conclusions of law denying appellant's motion. The motion court found that failing to object during closing argument was trial strategy and that Movant was not prejudiced since the issue of his credibility was fully before the jury.

The appellate court's review is limited to a determination of whether the motion court's findings were clearly erroneous. *Rousan v. State*, 48 S.W.3d 576, 581 (Mo.banc 2001); Rule 29.15(k). "The findings and conclusions of the motion court are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *Id.* (quotation marks omitted).

In order to obtain relief on a claim of ineffective assistance of counsel, the movant must show not only that his attorney failed to exercise the ordinary skill and diligence that a reasonably competent attorney would perform under similar circumstances, but also that the movant suffered prejudice thereby. *Knese v. State*, 85 S.W.3d 628, 631 (Mo.banc 2002), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

Movant will not succeed on a post-conviction claim of ineffective assistance of counsel unless he is able to demonstrate by a preponderance of the evidence that there is a reasonable probability that, but for the trial counsel's error, the result of the trial would have been different. *Jeremiah v. State*, 73 S.W.3d 857, 859 (Mo.App.2002); Rule 29.15(i). The reviewing court will presume that a trial attorney's conduct was reasonable under the circumstances rather than ineffective. *Clayton v. State*, 63 S.W.3d 201, 206 (Mo.banc 2001), *cert. denied*, 535 U.S. 1118, 122 S.Ct. 2341, 153 L.Ed.2d 169 (2002). "Reasonable choices of trial strategy cannot be the basis for a claim of ineffective assistance." *Knese*, 85 S.W.3d at 631.

The motion court found that trial counsel's failure to object to the state's

closing was trial strategy; that trial counsel was not deficient in his performance for not objecting to the state's argument concerning Movant's credibility; and further, that Movant was not prejudiced by the argument, "as the issue of his credibility was fully before the jury since he testified in the case."

In the evidentiary hearing, appellant's trial counsel testified as follows:

A: I believe that in trial when the Prosecutor was cross examining the Defendant about prior convictions and had impeached him with questions regarding pleading guilty to non-support, and that he had violated his children's trust, and I objected to that during his cross examination. It was overruled.

I had a good faith belief if I had objected to that in argument at closing it would have been overruled again, that is drawing more attention to it would have been my thinking. . . . I knew if I objected to it at that point[,] overruled would have been the result.

Q: So you just believed it would be overruled. You say that was your strategy in that aspect?

A: Yes. It would draw more attention to it having been objected and overruled.

This testimony indicates that trial counsel's decision was reasonable trial strategy. Trial counsel had been overruled once before on the same objection, and he did not want to be overruled again during closing arguments, which would simply highlight the testimony for the jury. This is a perfectly reasonable trial strategy. *See Shockley v. State*, 147 S.W.3d 189, 194 (Mo.App.2004) ("[T]rial counsel often do not object to otherwise improper questions or arguments for strategic purposes because frequent objections might irritate the jury and highlight the statements complained of, resulting in more harm than good.") (internal quotation marks omitted).

■ Movant's trial counsel also testified at the motion hearing that he did not believe that the prosecutor was arguing propensity but, rather, was arguing credibility. On direct appeal, we determined that the prosecutor's statements were a proper attack on Movant's credibility. *Turner I* at 469. Because he was arguing credibility, which is not improper, rather than propensity, the objection would have been non-meritorious. Trial counsel can not be found ineffective for failing to make non-meritorious objections. *Barnett v. State*, 99 S.W.3d 21, 24 (Mo.App.2003).

■ Even if we were able to find that trial counsel's assistance was ineffective, Movant fails to show that he suffered *Strickland* prejudice. It is Movant's burden to show, by a preponderance of the evidence, that there is a reasonable probability that the result of the trial would have been different. *Jeremiah*, 73 S.W.3d at 859; Rule 29.15(i). The facts of the case indicate a strong showing of guilt so that, even if trial counsel *had* objected to the statement during closing, a reasonable jury would most likely have found him guilty. Movant testified at trial, admitting that he had pled guilty to several felonies, had used crack cocaine, and had been in a drug rehab shortly before the incident. In addition, two officers, who were in the back of the van during the drug buys, testified that they clearly saw Movant, that they had known him for several years, and were certain that he was the person who sold the drugs. A third officer also testified that he knew Movant and spotted him in the vicinity of the drug buys on that day.

Given Movant's questionable credibility and the identifications by the three officers, it is not reasonably probable that the result of the trial would have been different had his counsel objected to the state's

closing argument. Movant's sole point must fail.

The judgment is affirmed.