### STATE of Missouri, Plaintiff-Respondent,

### v.

### George Wayne BARLETT, Defendant-Appellant.

### No. 8410.

Springfield Court of Appeals.

Missouri.

Sept. 3, 1965.

James Brown, Joplin, for defendant-appellant.

Dean S. Johnston, Joplin, for plaintiff-respondent.

PER CURIAM.

Appellant was convicted and fined fifteen dollars upon a charge made in the information, which is as follows:

"Dean S. Johnston, Assistant Prosecuting Attorney within and for the County of Jasper, and State of Missouri, upon his official oath, informs the Magistrate that on or about the 26th day of October, 1963, in the County of Jasper, and State of Missouri.

"George Wayne Barlett operated his 1962 Mercury at a speed in excess of the State limits, to-wit: upwards to 85 miles per hour."

The sole question is whether the information charged a crime.

Section 304.010, RSMo 1949, V.A.M.S., provides that every person operating *a motor vehicle on the highways of this state* shall drive the same in a careful and prudent manner. Paragraph two specifically prohibits the exceeding of certain speed limits on certain designated type roads, and paragraph five makes the violation of this section a misdemeanor.

Supreme Court Rule 24.01, V.A.M.R. directs that the information shall contain a plain, concise, and definite written statement of the essential facts constituting the offense charged.

The test of the sufficiency of an information is usually said to be whether it contains all the essential elements or ingredients of the offense set out in the statute and clearly apprises the court and the defendant of what facts constitute the offense whereof the defendant is charged; and also, whether it would be a bar to subsequent prosecution for the same offense.[1] The information should be reasonably understandable and make definite charges which are sufficient to clearly inform. Nothing which is material to the charge will be taken by intendment.[2] In criminal cases all presumptions go in favor of innocence. The accused cannot be presumed to know and be apprised of that which

is not clearly set forth. It devolves upon the pleader to set forth facts which bring the accused within the terms of the statute. State v. Mace, supra, Mo., 357 S.W.2d 923(3); State v. Cheney, Mo.App., 305 S.W.2d 892(2); State v. Murphy, 141 Mo. 267, 42 S.W. 936, 937. Thus it is that neither the court nor the defendant is required to go beyond the information in order to ascertain the crime with which defendant is charged nor to guess or speculate upon the meaning. This applies to misdemeanors as well as felonies.[3]

One of the essential facts necessary to constitute a violation of § 304.010 is that the offense must occur upon a *highway*. For aught the information charges, the act could have been done in the defendant's private meadow, drag strip, or testing ground. It could have taken place on water in a hydroplane, in a plane in the air above his house, or in a tunnel underground. There is nothing whatsoever which applies it to a public highway.

We are aware that the word "highways" as referred to in the statute is to be used in its popular, rather than technical, sense and was intended to apply to all roads traveled by the public. Phillips v. Henson, 326 Mo. 282, 30 S.W.2d 1065(8); Kelly v. Lahey, Mo.App., 232 S.W.2d 177, 181. Nevertheless, the statute itself applies speed limits to highways. It does not affect the use of private property not used as public roads. See Crocker v. Jett, Mo.App., 93 S.W.2d 74, 76; Eoff v. Senter, Mo.App., 317 S.W.2d 666, 671. Where the act is

---

1. State v. Mace, Mo., 357 S.W.2d 923(3); State v. Graham, Mo.App., 322 S.W.2d 188(9); State v. Tevis, Mo.App., 340 S.W.2d 415, 419; State v. Harris, Mo., 313 S.W.2d 664, 669; State v. Cunningham, Mo., 380 S.W.2d 401, 403; State v. Richardson, Mo., 343 S.W.2d 51, 55; State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265(12); 61 C.J.S. Motor Vehicles § 646, p. 748; 42 C.J.S. Indictments and Information § 139c, p. 1037.

2. State v. Hass, Mo.App., 82 S.W.2d 621; State v. Harris, supra, Mo., 313 S.W.2d 664(3); McCarthy v. Eidson, Mo., 262 S.W.2d 52(1); State v. Asher, Mo., 246 S.W. 911; State v. Hall, 130 Mo.App. 170, 108 S.W. 1077(3).

3. State v. McCloud, Mo.App., 313 S.W. 2d 177, 181; City of Raytown v. Roach, Mo.App., 360 S.W.2d 741, 743; State v. Reynolds, Mo.App., 274 S.W.2d 514, and cases at 515; State v. Muchnick, Mo.App., 334 S.W.2d 386, 390; State v. Maher, 232 Mo.App. 998, 124 S.W.2d 679.

criminal only when done at a particular place, such place becomes a matter of essential description. 7 Am.Jur.2d Automobiles and Highway Traffic, § 312, p. 856, § 315, p. 858; 8 Blashfield, Cyclopedia of Automobile Law and Practice, § 5441, p. 357, § 5443, p. 359, § 5431, p. 340.

We do not deem it necessary to pass on the question whether designation of the thing "operated" as a 1962 Mercury sufficiently designates such as a motor vehicle. The lack of designation of the place makes the information open to many interpretations. Certainly it does not clearly apprise the defendant of the offense charged. We are of the opinion that it does not charge the appellant with a crime and that the judgment of conviction should be reversed. So ordered.

All concur.