**STATE of Missouri, Respondent,**

v.

**Richard Thomas ROLLINS, Appellant.**

**No. 34027.**

St. Louis Court of Appeals,
Missouri.

June 15, 1971.

Jackson L. Smith, Louisiana, for appellant.

James Millan, Pros. Atty., Bowling Green, for respondent.

DOERNER, Commissioner.

Appellant was convicted and fined twenty-five dollars upon a charge made in an information which reads in part:

"* * * that said defendant, Richard Thomas Rollins on the 3rd day of June A.D. 1970, at the said County of Pike did then and there unlawfully, and willfully drive carelessly and imprudently by operating his vehicle, to-wit: a 1965 Ford coach, at an excessive speed, contrary to

the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

In his brief the appellant maintains that the information is insufficient to sustain the judgment of conviction because it fails to allege an essential element of the offense, that it took place upon a public highway or a public road. The respondent has not favored us with a brief.

It is obvious that the offense attempted to be stated was brought under § 304.010, RSMo 1969, V.A.M.S. Paragraph one of that Section provides that every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner. Paragraph two of the same Section specifically prohibits the exceeding of stated speed limits on certain designated type roads. And paragraph five makes the violation of that Section a misdemeanor.

In a recent opinion, State of Missouri v. Barlett, Mo.App., 394 S.W.2d 434, 436, the Springfield Court of Appeals had before it an information which charged that the defendant " ' * * * operated his 1962 Mercury at a speed in excess of the State limits, to-wit: upwards to 85 miles per hour.' " The court pointed out that:

"One of the essential facts necessary to constitute a violation of § 304.010 is that the offense must occur upon a *highway*. For aught the information charges, the act could have been done in the defendant's private meadow, drag strip, or testing ground. It could have taken place on water in a hydroplane, in a plane in the air above his house, or in a tunnel underground. There is nothing whatsoever which applies it to a public highway."

and the court concluded:

" * * * The lack of designation of the place makes the information open to many interpretations. Certainly it does not clearly apprise the defendant of the offense charged. We are of the opinion that it does not charge the appellant with a crime and that the judgment of conviction should be reversed."

The information in the instant case is likewise insufficient for the same reason.

Accordingly, the judgment of conviction is reversed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment reversed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.