STATE of Missouri, Plaintiff–Respondent,

v.

Dennis M. PROCK, Defendant–Appellant.

No. 54797.

Missouri Court of Appeals, Eastern District, Division Six.

Oct. 18, 1988.

John D. Beger, Rolla, for defendant-appellant.

Donald E. Meyer, Pros. Atty., Macon, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant was jury-convicted of speeding in violation of § 304.010 RSMo. 1986 and fined $75. His sole point on appeal challenges the sufficiency of the information to confer jurisdiction upon the court.

The record presented to us on appeal is noteworthy for its rampant confusion and irreconcilable discrepancies. The legal file shows that on June 5, 1987 appellant appeared in the Circuit Court of Macon County and entered a plea of not guilty. We assume this plea was in response to a uniform traffic ticket, although this is not reflected by the record. Three days later an information was filed by the prosecuting attorney of Macon County. This information is not included in the legal file. Subsequently, on appellant's motion for change of venue, the action was transferred to the Circuit Court of Shelby County. The legal file, certified by the clerk of the court, contains a docket sheet entry dated November 4, 1987 showing leave to file a substitute information. Stamped as filed that date is an "Information/Complaint" which alleges:

The prosecuting attorney of the County of Macon, State of Missouri, charges that the defendant, in violation of § 304.010, RSMo., committed a Class A misdemeanor of exceeding the speed limit, punishable upon conviction under § 304.570, RSMo., in that on June 29, 1987, in the County of Macon, State of Missouri, the defendant operated a motor vehicle at 65 miles per hour, which is in excess of the old posted speed limit for trucks licensed over 12,000 pounds.

The sole witness endorsed on this document is Trooper T.R. Rohn. This pleading is signed by the prosecuting attorney of Macon County and "subscribed and sworn to" on November 4, 1987 before the "Clerk of the Associate Circuit Court [sic] of Shelby County, Missouri."

Counsel for appellant has filed a supplemental legal file, supported by his affidavit which avers that the information which he received from the Circuit Court of Shelby

County, and upon which appellant was tried, alleges:

The prosecuting attorney of the County of Macon, State of Missouri, charges that the defendant, in violation of § 304.010, RSMo., committed the Class A misdemeanor of exceeding the speed limit, punishable upon conviction under § 304.570, RSMo., in that on May 29, 1987, in the County of Macon, State of Missouri, the defendant operated a *motor vehicle at 72 miles per hour,* which is in excess of the old posted speed limit for motor vehicles.

Endorsed as the sole witness on this information is Trooper C.D. Newton. The pleading is signed, dated, and verified by the same persons, in the same language, and on the same date as the pleading first set forth above.

The prosecuting attorney of Macon County has not favored us with a brief on behalf of respondent nor has he made any effort to resolve the confusion reflected by the record presented to us. We would be mildly perturbed by this neglect were it not for the fact that each of the two informations suffers from the same fatal infirmity, a failure to allege an essential element of a violation of § 304.010.

Regardless of whether appellant drove a motor vehicle at 72 miles an hour or at 65 miles per hour on May 29, 1987 or June 29, 1987, it is no where alleged that he did so on a highway. In *State v. Barlett,* 394 S.W.2d 434 (Mo.App.1965) it was held that an information charging that a defendant "operated his 1962 Mercury at a speed in excess of the State limits, to-wit: upwards to 85 miles per hour" failed to charge the commission of a crime.

One of the essential facts necessary to constitute a violation of § 304.010 is that the offense must occur upon a *highway.* For aught the information charges, the act could have been done in the defendant's private meadow, drag strip, or testing ground. It could have taken place on water in a hydroplane, in a plane in the air above his house, or in a tunnel underground. There is nothing whatsoever which applies it to a public highway.

\* \* \* \* \* \*

Where the act is criminal only when done at a particular place, such place becomes a matter of essential description.

*Id.* at 436–37. Accord: *State v. Wren,* 622 S.W.2d 31, 32 (Mo.App.1981); *State v. Rollins,* 469 S.W.2d 46, 47 (Mo.App.1971).

The omission from an information of an essential element of the offense as set out in the statute renders it insufficient and fails to provide a basis for the court's subject matter jurisdiction. *State v. Gilmore,* 650 S.W.2d 627, 628 (Mo. banc 1983).

The judgment of conviction is reversed.

GRIMM, J., and SIMEONE, Senior Judge, concur.