STATE of Missouri, Plaintiff–
Respondent,

v.

Jerry Allen KING, Jr., Defendant–
Appellant.

No. 18111.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1993.

David J. Kueter, Steelville, for defendant-appellant.

Catherine Lange, Pros. Atty., Sidney T. Pearson III, Asst. Pros. Atty., Crawford County, Steelville, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial, defendant was convicted of careless and imprudent driving and of speeding. He appeals, contending that the information seeking to charge careless and imprudent driving was insufficient "in that each of the separate charges of careless and imprudent failed to specify that the operation of the vehicle in question was upon a highway" and "failed to provide facts charging manner of careless and imprudent driving."

Defendant primarily relies upon *State v. Prock*, 759 S.W.2d 854 (Mo.App.1988), and *State v. Wren*, 622 S.W.2d 31 (Mo.App. 1981). He also cites *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983); *State v. Barlett*, 394 S.W.2d 434 (Mo.App.1965); *State v. McCloud*, 313 S.W.2d 177 (Mo.App.1958) and *State v. Reynolds*, 274 S.W.2d 514 (Mo.App.1955).

After appellant's brief was filed here, *Gilmore* was overruled in *State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992). *Parkhurst* also convinces us that whatever support the other cases cited by defendant may give him, their reasoning is no longer valid. In holding an information valid which omitted language in the statute under which the charge was based, the court said at 845 S.W.2d at 35:

To summarize, the rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b). When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

The record does not indicate that the information was questioned under Rule 24.-04(b), nor has defendant demonstrated, or even claimed, actual prejudice. Under these circumstances there is no merit to defendant's contention.

The convictions are affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.