**STATE of Missouri, Respondent,**

v.

**Bruce Woodruff KURT, Appellant.**

No. 63084.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 17, 1993.

Bruce Woodruff Kurt, pro se.

Kellee A. Koncki, Asst. Cir. Atty., St. Louis, for respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

ORDER

PER CURIAM.

Defendant appeals *pro se* his conviction for driving while license suspended in violation of § 302.321. We first note Defendant's brief fails to conform to Rule 30.06. He failed to include a "fair and concise statement of the facts relevant to the questions presented . . ." Rule 30.06(c). In addition, his points relied on and argument do not conform to Rule 30.06(d) and (e); *See, Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978).

We do, however, consider Defendant's contention the information filed in his case is insufficient to charge him with a violation of § 302.321, because it does not allege he was traveling upon a highway. Defendant was issued a Missouri Uniform Complaint and Summons, which stated the alleged offense occurred at 2736 Winnebago.

Defendant relies on *State v. Prock*, 759 S.W.2d 854 (Mo.App.1988), and *State v. Wren*, 622 S.W.2d 31 (Mo.App.1981). However, these cases are inapplicable where Defendant has failed to timely raise the issue pursuant to Rule 24.04(b) or demonstrate actual prejudice. *State v. King*, 851 S.W.2d 800, 801[1] (Mo.App.1993) (information failing to allege moving violation occurred upon a highway sufficient absent prejudice to the defendant); *See also, State v. Parkhurst*, 845 S.W.2d 31, 35[7–9] (Mo. banc 1992) ("the rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b).") The record before us does not indicate Defendant raised the alleged defect in the information before the trial court as required by Rule 24.04(b). Further, Defendant alleges no prejudice in his brief. Therefore, we find no merit to Defendant's contention.

Judgment affirmed pursuant to Rule 30.-25(b).