STATE of Missouri, Respondent,

v.

Aaron DAVIS, Appellant.

No. WD 66397.

Missouri Court of Appeals,
Western District.

March 27, 2007.

David R. Schmitt, St. Joseph, for appellant.

Kathleen A. Fisher, St. Joseph, for respondent.

Before HOLLIGER, P.J., SPINDEN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Aaron Davis challenges the sufficiency of the evidence to support his conviction for driving while intoxicated, in violation of Section 577.010.1.[1] Because the State failed to prove that Davis was intoxicated at the time he was driving his vehicle, we reverse the conviction.

## FACTUAL AND PROCEDURAL HISTORY

On July 19, 2005, St. Joseph police officer B.J. Fisher heard a dispatch report at 10:20 p.m. about a car accident at 8th Street and Mason Road. Fisher arrived on the scene at 10:23 p.m. and saw a vehicle that had crashed into a light pole. There was no one in or around the vehicle. An unidentified woman approached Fisher and said that the occupants of the vehicle had fled to 803 Thompson, an address two to three blocks away.

Fisher immediately went to 803 Thompson, where he saw two men walking in the backyard. He asked the men to sit down. In response to Fisher's questions, one of the men admitted to crashing his car into a light pole while he was "messing with [the] radio." The man provided a driver's license, identifying himself as Aaron Davis.

Fisher detected "an odor of intoxicating beverage" and noticed that Davis's eyes were glassy, watery, and bloodshot. Davis also had blood on his nose. Fisher asked whether Davis "had had anything to drink since the time of the accident." Davis responded "No." Fisher conducted field sobriety tests, the results of which indicated that Davis was impaired.

Fisher arrested Davis and transported him to the police station. Davis refused to take a breathalyzer test. Police officers returned to the scene of the accident to gather evidence. They found empty beer cans in the car, including under the driver's seat, and blood on the driver's airbag.

Davis was charged with driving while intoxicated, Section 577.010.1, and leaving the scene of a vehicular accident, Section 577.060. At the bench trial, the State presented only the testimony of Fisher and another police officer who searched the car. Davis presented no evidence. The court found Davis guilty on both counts and placed him on probation for two years.

On appeal, Davis challenges his conviction for driving while intoxicated on two grounds. In Point I, he argues the court should have excluded evidence of statements he made while in police custody without the benefit of a Miranda warning. In Point II, Davis contends the evidence at trial was insufficient to prove that he drove while intoxicated. Because Point II is dispositive, we need not address Point I.

## STANDARD OF REVIEW

In reviewing the sufficiency of the evidence in a bench-tried criminal case, the same standard is applied as in a jury case. Rule 27.01(b); *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). Appellate review is limited to a determination of

---

1. All statutory references are to Missouri Revised Statutes 2000, unless otherwise noted.

whether the State presented sufficient evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). We must accept as true all evidence and inferences favorable to the State while disregarding all contrary evidence and inferences. *Id.* at 407–08.

## ANALYSIS

The offense of driving while intoxicated, Section 577.010.1, requires proof of two elements: (1) that the defendant operated a motor vehicle, and (2) was intoxicated while doing so. *State v. Lynch*, 131 S.W.3d 422, 426 (Mo.App.2004). "Proof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself of prove intoxication at the time the person was driving." *State v. Block*, 798 S.W.2d 213, 215 (Mo.App.1990) (overruled on other grounds). In this remote circumstance, "time [is] an element of importance" that the State must establish to meet its burden of proving that the defendant drove *while* intoxicated. *State v. Dodson*, 496 S.W.2d 272, 274 (Mo.App.1973).

Davis does not dispute that the State's evidence was sufficient to show that he operated the vehicle that crashed into the light pole, thereby proving the first element of the charged offense. Davis argues the State failed to prove the second element, because the evidence showed only that he was intoxicated at the time of arrest and not while he was driving his vehicle.

The State asserts there was sufficient circumstantial evidence to infer that Davis was impaired while driving. Viewed in a light most favorable to the State, the evidence established that the police dispatch reported a car accident at 10:20 p.m. and that Officer Fisher arrived on the accident scene at 10:23 p.m. A woman approached and told Fisher that the "vehicle had just struck the pole" and the occupants had fled to 803 Thompson. Fisher immediately went to 803 Thompson and found Davis in the backyard. Davis admitted to driving the vehicle and crashing it into the light pole. Fisher determined that Davis was intoxicated based on his odor of alcoholic beverages, his glassy, bloodshot eyes, and his poor performance on the field sobriety tests. Davis told Fisher that he had not had anything to drink since the accident. Fisher noticed that Davis had blood on his nose, and officers later found blood on the driver's side airbag of the crashed vehicle. Officers also found empty beer cans on the floorboard of the vehicle, around the driver's seat. Based on the totality of evidence, the State argues the trial court made a reasonable inference that the accident had occurred just moments before Fisher arrived on the scene and that Davis was intoxicated at the time he crashed the vehicle.

We note that a key part of the State's circumstantial evidence was admitted for a limited purpose and not as substantive proof of the time the accident occurred. At trial, Fisher testified that he was approached by a woman when he arrived at the accident scene. The defense lodged a timely hearsay objection to any testimony regarding the woman's statements to the officer. The State responded that it only sought to introduce the woman's statement for the purpose of explaining what the officer did next. The court overruled the objection based on the State's response. Fisher was allowed to testify about the woman's statement for the limited purpose of showing why he went to 803 Thompson to look for the occupants of the vehicle. Although Fisher then testified that the woman told him "the vehicle had just struck the pole," the

court could not consider that out-of-court statement because it was offered to prove the truth of the matter asserted and did not relate to the officer's next investigative step. Fisher never learned the identity of the woman and did not take a statement from her. The woman did not appear as a witness at trial and was, therefore, unavailable for cross-examination. Her statement was inadmissible hearsay, which cannot be considered as evidence indicating the time that the accident occurred.

Other circumstantial evidence is equally unavailing. The State contends the presence of blood on Davis's nose indicates that he crashed the vehicle shortly before Fisher arrived on the scene. However, Fisher was unable to recall whether the blood was flowing or dry. Without any indication as to how long the blood had been on Davis's face, Fisher's testimony fails to provide any proof as to when the accident occurred. The State also argues that the empty beer cans in the vehicle provide proof that Davis likely drank while driving. But the mere presence of beer cans does not establish or imply that Davis was intoxicated while driving, particularly since he was not the only occupant of the vehicle.

The remainder of the State's evidence established only that Davis drove the vehicle and that he was intoxicated when he was arrested. The State failed to present any evidence as to when Davis began drinking or how much he had to drink. *See Lynch*, 131 S.W.3d at 426. There is nothing in the record to establish the approximate time that Davis was operating the vehicle or the time accident occurred. None of the evidence indicated how much time elapsed between the accident and the arrest.

These omissions are critical because intoxication does not occur immediately upon the consumption of alcoholic beverages. Alcohol must be absorbed into the bloodstream before the intoxicants begin to take effect thirty to ninety minutes later. 2 Donald H. Nichols & Flem K. Whited III, *Drinking/Driving Litigation: Criminal and Civil* §§ 14.3, 14.27 (1998). Although Davis admitted he did not drink anything after the accident, that statement does not prove he was intoxicated while driving because there is no evidence as to when he was operating the vehicle. If Davis had started drinking a few minutes before the accident occurred, he would not have been intoxicated while driving but the intoxicating effects might have been apparent sometime later when he was confronted by officer Fisher. *See discussion in Meyer v. Dir. of Revenue*, 34 S.W.3d 230, 235 (Mo. App.2000) (overruled on other grounds).

■ A factfinder cannot determine that "one who is under the influence of an alcoholic beverage at an established time was necessarily in that condition at some earlier unspecified moment without any evidence concerning the length of the interval" involved. *Dodson*, 496 S.W.2d at 274. Given the absence of evidence to show the approximate time of Davis's accident, the State failed to prove beyond a reasonable doubt that he drove while intoxicated.

The judgment of conviction is reversed.

All concur.