**STATE of Missouri, Respondent,**

v.

**James Dale OLLISON, Appellant.**

**No. WD 66722.**

Missouri Court of Appeals,
Western District.

Sept. 11, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 2007.

Laurie S. Ward, Sedalia, for Appellant.

William M. Chapman, Sedalia, for Respondent.

Before HARDWICK, P.J., ULRICH [1] and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

James Ollison appeals from his conviction for driving while intoxicated, in violation of Section 577.010.[2] Because the evidence was insufficient to prove that Ollison was intoxicated at the time he was driving, we reverse the conviction.

### FACTUAL AND PROCEDURAL HISTORY

On April 2, 2005, at 1:20 a.m., Highway Trooper Mark Degraffenreid was dispatched to a vehicular accident on the north side of Route HH in Pettis County. Degraffenreid arrived on the scene at 1:33 a.m. and found a truck overturned in a ditch, next to a sharp curve in the highway. No one was inside the truck, but a man and woman were standing nearby. The man and woman told the trooper they came to the scene after receiving a telephone call from James Ollison stating that he had been in an accident. Degraffenreid checked the registration on the truck's license plate and learned that Ollison was the owner.

After making several telephone inquiries, Degraffenreid located Ollison at the home of his in-laws. Ollison came to the door and identified himself as the driver of the overturned truck. The trooper detected a "strong odor of intoxicants" and noticed that Ollison's eyes were "extremely bloodshot and glassy." When Ollison was asked to walk out to the patrol car, Degraffenreid observed that he "stumbled a

1. Judge Ulrich retired from the court after oral argument of this case.

2. All statutory citations are from the Missouri Revised Statutes 2000, unless otherwise indicated.

bit" and that his "walking and balance was uncertain, poor." During questioning in the patrol car, Degraffenreid recalled that Ollison's speech was "slurred and slowed." The trooper administered a series of field sobriety tests, each of which Ollison failed. At 2:40 a.m., Ollison submitted to a portable breath test, which registered his blood alcohol content (BAC) at .154%.

After being transported to the sheriff's station, Ollison submitted to a DataMaster breathalyzer test at 3:09 a.m., which showed his BAC had elevated to .168%. Ollison told Degraffenreid that he was "slightly" under the influence of alcohol. He admitted that he started drinking at a bar around 7:00 p.m. and estimated that he had five beers. Ollison could not recall when he stopped drinking, but acknowledged that he had not consumed any alcohol since the accident. Degraffenreid arrested Ollison for driving while intoxicated, a violation of Section 577.010.

Following a bench trial, the court found Ollison guilty as charged and sentenced him to serve two days in jail. Ollison appeals, challenging the sufficiency of the evidence to support his conviction. The State did not file a respondent's brief on appeal.

### STANDARD OF REVIEW

In reviewing the sufficiency of the evidence in a court-tried criminal case, the same standard is applied as in a jury-tried case. Rule 27.01(b); *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). The appellate court's role is limited to determining whether the state presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty beyond a reasonable doubt. *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). We consider the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences. *Id.* at 407–08.

### ANALYSIS

"The offense of driving while intoxicated, Section 577.010.1, requires proof of two elements: (1) that the defendant operated a motor vehicle, and (2) was intoxicated while doing so." *State v. Davis*, 217 S.W.3d 358, 360 (Mo.App.2007). "Proof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself to prove intoxication at the time the person was driving." *Id.* quoting *State v. Block*, 798 S.W.2d 213, 215 (Mo.App.1990) (overruled on other grounds). In this remote circumstance, "[t]ime [is] an element of importance" that the State must establish to meet its burden of proving that the defendant drove while intoxicated. *State v. Dodson*, 496 S.W.2d 272, 274 (Mo.App. 1973) (internal quotation omitted).

Ollison contends the State failed to meet its burden of proof on the second element of Section 577.010.1. He argues the State's evidence showed only that he was intoxicated at the time of arrest and not while he was driving the truck.

In its findings of fact, the trial court acknowledged there was no evidence to establish the time of Ollison's accident. The court, nonetheless, determined that the evidence created an "inference of impairment" while driving based on the following facts: (1) the accident occurred sometime between 7:00 p.m., when Ollison admits he started drinking, and 1:20 a.m., when the trooper received the dispatch report about the overturned truck; (2) Ollison consumed five beers before the accident and did not drink any alcohol after the accident; and (3) the breath test indicated Ollison's BAC was in excess of .08% at 3:09 a.m., immediately preceding his arrest. Even when considered in a light

most favorable to the trial court's judgment, we find these facts insufficient to prove that Ollison was intoxicated at the time he drove the truck.

Because Ollison's accident occurred at a time and location remote from his arrest, the State was required to establish the approximate time lapse between Ollison's operation of the vehicle and his conduct that led the arresting officer to believe he was intoxicated. Proof of this temporal connection is "critical because intoxication does not occur immediately upon the consumption of alcoholic beverages." *Davis,* 217 S.W.3d at 361. Our court has recognized that alcohol must be absorbed into the bloodstream before the intoxicants begin to take effect thirty to ninety minutes later. *Id.* (citing 2 Donald H. Nichols & Flem K. Whited III, *Drinking/Driving Litigation: Criminal and Civil,* §§ 14.3, 14.27 (1998)). Thus, a factfinder cannot conclude that "one who is under the influence of an alcoholic beverage at an established time was necessarily in that condition at some earlier unspecified moment without any evidence concerning the length of the interval" involved. *Dodson,* 496 S.W.2d at 274.

With regard to the timing of Ollison's accident, the State's evidence established only that it occurred sometime between 7:00 p.m. and 1:20 a.m. Although Ollison admitted he drank five beers before the accident and had none after, his statements do not prove he was intoxicated while driving because there is no evidence as to when he was operating the vehicle. He started drinking at 7:00 p.m., but it is unknown how long the alcohol had been in his system before the accident occurred. If the accident occurred closer to 1:20 a.m. and Ollison did most of the drinking less

than thirty minutes before the accident, he might not have been intoxicated while driving, but the intoxicating effects would have been apparent by the time the arresting officer confronted him at his in-laws' home approximately one hour later.[3] *See Davis,* 217 S.W.3d at 361; *Meyer v. Dir. Of Revenue,* 34 S.W.3d 230, 235 (Mo.App.2000) (overruled on other grounds). Given the absence of evidence to establish the interval between Ollison's operation of the vehicle and his arrest, the State failed to prove beyond a reasonable doubt that he drove while intoxicated.

The judgment of conviction is reversed.

All concur.

---

**3.** The fact that Ollison's BAC was still rising at 3:09 a.m., when his second breath test was taken, would seem to suggest that he consumed at least some of the alcohol later in the evening, well beyond the time he started drinking at 7:00 p.m.