Opinion filed August 7, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00367-CR

                                           __________

 

                           JAMES BARTHOLOMEW REYES, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33119

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted James Bartholomew Reyes of the offense of driving while
intoxicated (a third degree felony) and assessed his punishment at confinement
for five years and a $5,000 fine.  Pursuant to the jury=s recommendation, the trial court suspended
the imposition of the sentence and placed appellant on community supervision
for seven years.  We affirm.

                                                                 Issues
on Appeal

In
two issues, appellant challenges both the legal and factual sufficiency of the
evidence to support the verdict.  Specifically, appellant argues that there is
insufficient evidence that he was driving.








                                                            Standards
of Review

In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000). 

To determine if
the evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

                                                              Evidence
Presented

 Sergio
Hernandez testified that at the time of the incident he was an officer with the
Midland Police Department.  While he was on patrol at 3:30 a.m., he was
dispatched to the scene.  Officer Hernandez was the first officer to respond
and arrived within less than five minutes.  Officer Hernandez found appellant
sitting next to a vehicle that had been driven into an incline and had struck a
tree.  Appellant=s
speech was slurred, and he had a strong odor of alcohol on his breath.  Officer
Hernandez saw a bottle of beer on the driver=s
seat.  Appellant was Avery
unsteady@ on his
feet.  Officer Hernandez testified that appellant fell when he tried to stand. 
Officer Hernandez caught appellant and, out of concern for appellant=s safety, told him to sit
back down.  Appellant tried to respond to Officer Hernandez=s questions, but his Awords wouldn=t come out.@   Appellant did not appear
to be in pain or to be injured other than a small cut beneath his eye.  Officer
Hernandez concluded that appellant had lost the normal use of his mental and
physical faculties and was intoxicated.

Officer
Hernandez testified that there were no other vehicles involved in the accident
and  no other people in the area.  There was not a lot of traffic either.








Midland
Police Officer Joseph Matthew Donald Moeller testified that Officer Hernandez
arrived just Aseconds@ before he did.  Appellant=s black 1990 Grand Am had
hit a tree, sustaining Asignificant@ damage to the front end. 
No other vehicles were involved, and no one other than appellant was in the
area.  Officer Moeller determined that appellant had been driving his Grand
Am.  Officer Moeller further testified that it was possible that appellant had
crossed all the lanes of traffic before hitting the tree.

Officer
Moeller testified that appellant Ahad
either used the bathroom on himself or spilled something on himself.@  Officer Moeller further
testified that he did not Aget
down@ to Asmell very close@ to determine exactly how
appellant got wet.  Appellant=s
balance was so poor that he could not stand.  His eyes were extremely
bloodshot, and he smelled of alcohol.  Officer Moeller concluded that appellant
was intoxicated.  Appellant was transported to the hospital where he refused to
give a blood sample.

                                                                        Analysis

The
jury, as the finder of fact, was the sole judge of the weight and credibility
of the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007) and art. 38.04 (Vernon 1979). 
Due deference must be given to the factfinder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 10-11; Jones v. State, 944
S.W.2d 642 (Tex. Crim. App. 1996).  We review the jury=s weighing of the evidence but cannot
substitute our judgment for that of the factfinder.  Cain, 958 S.W.2d at
407; Clewis, 922 S.W.2d at 133.  This court has the authority to
disagree with the factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

After
applying the requisite standards of review, we find that the evidence is both
legally and factually sufficient to support the jury=s verdict.  Officers Hernandez and Moeller
were the only witnesses.  On cross-examination, both officers acknowledged that
they were not trained medical personnel other than as first responders. 
Neither Officer Moeller=s
determination that appellant had driven his vehicle nor both officers= testimony concerning the
lack of other people and vehicles at that early morning hour was challenged.  A
reasonable jury could have determined that appellant committed the offense as
alleged.  Moreover, the evidence supporting the verdict is not so weak that the
verdict is clearly wrong and manifestly unjust, and the verdict is not against
the great weight and preponderance of the conflicting evidence.  








Appellant
relies upon the cases of State v. Davis, 217 S.W.3d 358 (Mo. App. 2007,
no pet.); Coleman v. State, 704 S.W.2d 511 (Tex. App.CHouston [1st Dist.] 1986,
pet. ref=d); Reynolds
v. State, 902 S.W.2d 558 (Tex. App.CHouston
[1st Dist.] 1995, pet. ref=d);
Ballard v. State, 757 S.W.2d 389 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d); and Reddie v. State,
736 S.W.2d 923 (Tex. App.CSan
Antonio 1987, pet. ref=d). 
These cases are factually distinguishable, and we decline to extend their
holdings to the facts of this case.  We find that the evidence is both legally
and factually sufficient.  The issues are overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

August 7, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.