**STATE of Missouri, Respondent,**

v.

**Darrell WILSON, Appellant.**

**No. WD 69083.**

Missouri Court of Appeals, Western District.

Nov. 4, 2008.

Jeffrey Scott Eastman, Gladstone, MO, for appellant.

Kristen Lea Ellis, Liberty, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Darrell Wilson appeals his conviction for the Class B misdemeanor of driving while intoxicated in violation of section 577.010, RSMo 2000. As one of his two points on appeal he contends that the State failed to prove that he drove the vehicle while in an intoxicated condition. Because the State failed to produce any evidence as to Wilson's condition at the time that he drove or any evidence from which it could be even inferred, we are compelled by law to reverse his conviction.

On December 17, 2006, Wilson was driving a vehicle involved in a one car accident at I–435 and Missouri 210 Highway. He and his passenger were injured and taken to North Kansas City Hospital. Trooper Eric Kolb was dispatched to the scene of the accident but arrived after Wilson and the passenger were taken away. Trooper Kolb later went to the hospital and interviewed both occupants. Although Wilson initially refused an alcohol test, he eventually agreed to a blood test. The highway patrol lab technician testified over objection[1] that Wilson's blood alcohol concentration was .150.

The charge against Wilson required proof that (1) he operated the vehicle and (2) was intoxicated while doing so.

---

1. The ruling on this objection is the second point on appeal raised by Wilson. We do not need to reach it to dispose of this case.

*State v. Davis,* 217 S.W.3d 358, 360 (Mo. App. W.D.2007). "Proof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself to prove intoxication at the time the person was driving." *Id.* (internal quotation marks omitted). "[T]ime is an element of importance" that the state must prove to sustain its burden to show that a driver drove while intoxicated. *State v. Ollison,* 236 S.W.3d 66, 68 (Mo.App. W.D. 2007), quoting *State v. Dodson,* 496 S.W.2d 272, 274 (Mo.App.1973).

■ A review of the evidence surprisingly shows only that Wilson drove a vehicle, was involved in an accident, and was intoxicated at the hospital sometime during a 24–hour period on December 17, 2006. There is no testimony as to when the accident occurred. There is no testimony as to when the trooper arrived at the scene. There is no testimony as to when the trooper arrived at the hospital, what time he observed the defendant who was undergoing treatment, or what time the blood sample was drawn. The State elicited none of this information from the trooper. The State did not call the paramedics who took Wilson to the hospital to establish any time parameters or his condition at the scene. The State did not call any hospital workers either.

The sole evidence from Wilson's passenger was that they had been to a Christmas party and that Wilson had "drunk a little, not very much but he drunk." The State, who called the passenger, did not ask one further question of the witness. It is the obligation of the State to prove a criminal case beyond a reasonable doubt. It is not the function of the court to ignore its failure.

The judgment is reversed.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.