**STATE of Missouri, Respondent,**

v.

**Jeffery S. BURNS, Appellant.**

**No. WD 73348.**

Missouri Court of Appeals,
Western District.

Feb. 28, 2012.

Allan D. Seidel, Trenton, MO, for appellant.

Shaun J. Mackelprang and Evan J. Buchheim, Jefferson City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, JOSEPH M. ELLIS and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Chief Judge.

Following a bench trial, Jeffrey Burns was convicted of driving while intoxicated (DWI) and careless and imprudent driving. He challenges the sufficiency of the evidence to support the convictions and the lawfulness of the initial traffic stop. For reasons explained herein, we find no error and affirm the convictions.

FACTUAL AND PROCEDURAL HISTORY

At 10:15 pm on November 15, 2000, Brookfield police officer Thomas Bunnell was on routine patrol when he saw a pickup truck pull forward in a parking lot and stop with its tires on the sidewalk. As the officer drove into the lot, the truck rolled forward over the sidewalk and curb and proceeded onto Main Street.

Officer Bunnell followed and stopped the truck. The driver, Jeffrey Burns, exited the truck and told the officer that he was looking for his friend. Officer Bunnell noticed that Burns' speech was slurred, his eyes were glassy, and he had a strong odor of intoxicants. Burns admitted he had been drinking.

Officer Bunnell asked Burns to perform several field sobriety tests. Burns failed the Horizontal Gaze Nystagmus (HGN) test, exhibiting four of six indicators of

intoxication. He failed the one-leg stand test. During the walk-and-turn test, he failed to maintain a heel-to-toe stance, used his arms for balance, and stepped off the imaginary line. Officer Jason Stallo administered a portable breath test, which showed Burns' blood alcohol content (BAC) was above the legal limit of .08%.[1] Based on the results of the sobriety tests, Officer Bunnell arrested Burns for DWI.

Burns was taken to the police station, where he refused to take a chemical breath test. Burns admitted he had been drinking beer from 8:00 pm to 10:30 pm. The State charged him with the class C felony of DWI as an aggravated alcohol offender and the class B misdemeanor of careless and imprudent operation of a motor vehicle.

At the bench trial, Burns admitted pleading guilty to several previous DWI offenses. He also admitted that he drove over the sidewalk and curb to get to Main Street from the parking lot. The court found him guilty on all charged offenses and imposed a $150 fine with suspended execution of a four-year prison sentence.

## ANALYSIS

Burns brings three points on appeal. In Points I and III, he contends the evidence was insufficient to support his convictions for careless and imprudent driving and DWI. In Point II, Burns argues there was no basis for the traffic stop because he did not unlawfully operate his vehicle.

"In reviewing the sufficiency of the evidence in a court-tried criminal case, the same standard is applied as in a jury-tried case. Rule 27.01(b)." *State v. Ollison*, 236 S.W.3d 66, 68 (Mo.App.2007). Our role is limited to determining whether there was sufficient evidence from which the court, as the trier of fact, could have reasonably found Burns guilty beyond a reasonable doubt. *Id.* "We consider the evidence and inferences in a light most favorable to the verdict, ignoring all contrary evidence and inferences." *Id.* Questions of law are reviewed *de novo*, without deference to the trial court's findings. *State v. Morris*, 197 S.W.3d 638, 640 (Mo.App.2006).

### Careless and Imprudent Operation of a Motor Vehicle

In Point I, Burns contends the evidence was insufficient to support his conviction for careless and imprudent driving pursuant to Section 304.012.1.[2] The statute provides:

> Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

Burns argues the evidence failed to establish that he improperly operated his vehicle on a road or highway because the conduct for which he was charged occurred on a private parking lot.

■ Viewed in a light most favorable to the judgment, the record indicates that Burns's conduct was not limited to the confines of the parking lot. Officer Bunnell testified that Burns exited the parking

---

1. At trial, Officer Stallo explained that the purpose of the portable breath test is to make an initial determination of alcohol impairment. For that reason, Stallo only made a record of whether the test results were above or below the legal limit and did not record the specific blood alcohol content percentage.

See Section 577.021.3; *State v. Pike*, 162 S.W.3d 464, 469 (Mo.banc 2005).

2. All statutory citations are to the Revised Statutes of Missouri (2000), as updated by the Cumulative Supplement (2009), unless otherwise indicated.

lot and entered onto Main Street by driving over the sidewalk and jumping the curb. At least part of the conduct occurred while Burns was operating the vehicle onto a public street. The court also could have reasonably inferred that the sidewalk and curb abutting Main Street were part of the public thoroughfare. Although there was a nearby driveway to exit the parking lot, Burns admitted that he drove across the sidewalk and curb to gain access to Main Street. This admission offered additional evidence that Burns was not driving in a "careful or prudent manner" once he left the parking lot and traveled onto the public roadway.

Under previous versions of the careless driving statute containing language nearly identical to Section 304.012, our courts interpreted the law to apply to drivers entering a public roadway from a private street or lot. *Ely v. Parsons*, 399 S.W.2d 613, 617 (Mo.App.1966) (road grader driver who left private drive and entered the highway had a duty to watch for vehicles on the highway); *Bush v. Kansas City Pub. Serv. Co.*, 350 Mo. 876, 169 S.W.2d 331, 334–35 (1943) (bus driver sitting on private property had duty to keep proper lookout before entering public street); *Eoff v. Senter*, 317 S.W.2d 666, 671 (Mo. App.1958) (driver violated the statute where accident occurred either on the road or the shoulder of the road).

Burns' reliance on *State v. Barlett*, 394 S.W.2d 434 (Mo.App.1965) (*abrogated on other grounds by State v. King*, 851 S.W.2d 800 (Mo.App.1993)) and *State v. Thurston*, 84 S.W.3d 536 (Mo.App.2002) is misplaced. In determining the sufficiency of charges in an information, *Barlett* recognized that the word "highways" is to be used in its popular rather than technical sense, and was intended to apply to all roads traveled by the public. 394 S.W.2d at 436. See also *Covert v. Fisher*, 151 S.W.3d

70 (Mo.App.2004) (discussing the definition of "highways" under Chapter 302). *Thurston* turned on the issue of whether the defendant was "operating" a motor vehicle and not on whether the conduct occurred on a highway. Here, Burns has admitted he was driving, so there was no issue as to whether he was operating the truck.

The evidence supports the circuit court's finding that Burns was guilty of careless and imprudent operation of a motor vehicle because he drove across a sidewalk and curb while entering upon a public street. Point I is denied.

### Driving While Intoxicated

In Point II, Burns contends the circuit court erred in convicting him of DWI because there was no lawful basis for the initial traffic stop. This argument is an extension of Point I, in that Burns asserts he did not engage in careless and imprudent driving and, thus, Officer Bunnell had no justification for pulling him over. In light of our conclusion that there was sufficient evidence to prove the offense of careless and imprudent driving, we need not further address this issue. Point II is denied.

■ In Point III, Burns contends the circuit court erred in convicting him of DWI because there was insufficient evidence to prove he was intoxicated. Despite the testimony regarding Officer Bunnell's observations and the failed sobriety tests, Burns contends the evidence fell short because no officer ever gave an opinion as to whether he was intoxicated. Burns asserts the State cannot meet its burden of proof without eliciting testimony as to whether the arresting officer(s) believed the defendant was intoxicated.

Our court rejected a similar argument in *State v. Vanosdol*, 974 S.W.2d 650, 652 (Mo.App.1998). We found that if evidence of intoxication is presented from which a

lay witness, such as an arresting officer, may offer an opinion on intoxication, a jury may "similarly reach its own conclusions on intoxication based on such evidence." *Id. See also State v. Spain,* 759 S.W.2d 871, 875 (Mo.App.1988) and *State v. Fisher,* 504 S.W.2d 281, 283–84 (Mo.App.1973).

■ Here, as in *Vanosdol, Fisher,* and *Spain,* the record provided a sufficient basis for the court, as fact-finder, to make a determination that Burns was intoxicated. Burns admitted he had been drinking beer during the two hours before he was stopped. At the time of the traffic stop, his speech was slurred, his breath smelled of intoxicants, and his eyes were glassy. Officers Bunnell and Stallo administered field sobriety tests which Burns failed. A portable breath test showed that his BAC exceeded the legal limit. Officer Bunnell testified that Burns was arrested because of the results of the sobriety tests. This testimony indicated the officer's belief that Burns was intoxicated. But even without the officer's explanation of the arrest, the totality of the evidence was sufficient to prove that Burns was intoxicated based on his appearance, conduct, and failed performance on the field sobriety tests. Point III is denied.

## CONCLUSION

We affirm the judgment convicting Burns of driving while intoxicated and careless and imprudent operation of a motor vehicle.

ALL CONCUR.