

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32647 |
| | ) | |
| DAMIEN T. BRYAN, | ) | **Filed: June 30, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Patricia S. Joyce, Circuit Judge

**AFFIRMED**

Damien T. Bryan ("Appellant") was convicted after a jury trial of two counts of second-degree murder and one count of felony driving while intoxicated as a result of a multi-vehicle accident. Appellant brings two claims of error: (1) that the trial court did not have jurisdiction because "none of the counts of the 'first substituted indictment' were designated as '[a] true bill' and were not signed by the grandjury foreman"; and (2) that the trial court erred in denying Appellant's motions for judgment of acquittal because the State's evidence was legally insufficient in that, while he may have been shown to be intoxicated at some unknown time at least an hour after a trooper was called to the

1

accident scene, there were no signs of intoxication at the accident scene and no evidence that Appellant had no access to methamphetamine between the accident and his observed intoxication. We reject both claims and affirm the judgment.

Appellant's first point is procedural: he claims that the court did not have jurisdiction because the substituted indictment, to which no objection was ever made, was insufficient. Citing to section 545.040, Rule 23.01, and *State v. Horn*, 79 S.W.2d 1044 (Mo. 1935), Appellant claims the insufficient indictment is a nullity. Appellant ignores the line of cases that hold a defendant's failure to object to a substitute indictment before trial renders the claim unreviewable. In *State v. Parkhurst*, 845 S.W.2d 31, 34 (Mo. banc 1993), the Supreme Court overruled a line of cases that had held that jurisdiction is dependent upon the sufficiency of the indictment or information. *State v. Love*, 88 S.W.3d 511, 516 n.4 (Mo. App. S.D. 2002); s*ee also State v. Smith*, 242 S.W.3d 735, 740 (Mo. App. S.D. 2007) (citing Rule 24.04(b)(2)). Appellant "waived his right to object to the information, 'except for objections that the indictment or information fails to show jurisdiction or to charge an offense.'" *Smith*, 242 S.W.3d at 740 (quoting *State v. Simpson,* 846 S.W.2d 724, 728 (Mo. banc 1993)).

As important as these cases is *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). In *Wyciskalla*, the Supreme Court held:

> As discussed in *In re Marriage of Hendrix,* 183 S.W.3d 582 (Mo. banc 2006), Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction—and there are only two for the circuit courts—are based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law.[] Subject matter jurisdiction is governed by article V of the Missouri Constitution.

*Id.* at 252. It states further what cases Article V covers:

> In contrast to the federal system, the subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court."[]

*Id.* at 253-54 (emphasis in original). Here, the charges were second-degree murder and felony driving while intoxicated -- clearly within Article V of the Missouri Constitution. Point I is denied.

Point II challenges the sufficiency of the evidence of driving while intoxicated. In the light most favorable to the verdict, Appellant approached a stop sign at the intersection of South Country Club Road and Route C, a two-lane county highway, while he was traveling between 17 to 19 m.p.h. It was a clear, dry day and he had six hundred feet of visibility toward the east-bound lane. He collided with the front-passenger side bumper of one of the victim's cars, which was traveling east toward Jefferson City on Route C. The collision pushed the victim's car onto its side and into the oncoming (westbound) lane of Route C, where it struck another vehicle and killed the second victim instantly. Trooper Richard Dowd arrived at the accident scene just after the first victim had been extracted from her vehicle and taken to the hospital.[1] He talked to Appellant, who was sitting in an ambulance. Appellant said he did not see her vehicle before he hit it. A preliminary breath test on Appellant showed no alcohol in his system. The trooper called for assistance from a certified drug recognition expert, Corporal Halford, who arrived at 11:05 a.m., after Appellant had been taken to the hospital. Cole County Sheriff Greg White and Corporal Halford met with Appellant approximately 40-45 minutes after

---

[1] She was later pronounced dead.

3

the accident. At that time they observed behavior by Appellant consistent with methamphetamine intoxication.

To be clear, Appellant is not claiming that there is insufficient evidence of impairment due to methamphetamine at the time Appellant was interviewed by Sheriff White and Corporal Halford. His claim is that there was no evidence showing him to be impaired due to methamphetamine use at the time of the accident. Appellant claims that the proof of methamphetamine intoxication was too remote from the time of the accident to provide sufficient evidence of intoxication at the time of the accident. He contests that it is pure speculation and conjecture that Appellant was impaired at the time of the accident because he could have ingested methamphetamine in the hour that may have transpired between the time of the accident and the time of the observations by the Sheriff and Corporal, and the State did not provide any evidence that Appellant did not have access to methamphetamine in that time period.

When considering sufficiency-of-evidence claims, this Court's review is limited to determining whether the evidence is sufficient for a reasonable juror to find each element of the crime beyond a reasonable doubt. *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008). Appellate courts do not review the evidence de novo; rather they consider the record in the light most favorable to the verdict:

> To ensure that the reviewing court does not engage in futile attempts to weigh the evidence or judge the witnesses' credibility, courts employ a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. Thus, evidence that supports a finding of guilt is taken as true and all logical inferences that support a finding of guilt and that may reasonably be drawn from the evidence are indulged. Conversely, the evidence and any inferences to be drawn therefrom that do not support a finding of guilt are ignored.

4

*State v. O'Brien*, 857 S.W.2d 212, 215-16 (Mo. banc 1993) (internal citations and quotations omitted). When we are faced with a record of facts that supports conflicting inferences, we must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *State v. Chaney*, 967 S.W.2d 47, 53-54 (Mo. banc 1998). Circumstantial evidence is given the same weight as direct evidence in considering the sufficiency of the evidence. *State v. Grim*, 854 S.W.2d 403, 405-06 (Mo. banc 1993).

Circumstantial evidence does not have to be conclusive of guilt to sustain a driving while intoxicated conviction when driving is not observed. *State v. Keeth*, 203 S.W.3d 718, 724 (Mo. App. S.D. 2006). Although "a significant lapse of time between a defendant's driving and being seen in an intoxicated condition requires the [State] to offer specific evidence that the defendant was intoxicated when the defendant was driving," "a brief lapse of time between a defendant's driving and being seen in an intoxicated condition requires less exacting evidence of the defendant's intoxication." *State v. Davis*, 226 S.W.3d 927, 929 (Mo. App. W.D. 2007).

Here the time between the accident and the observations of impairment was approximately one hour. In that time, Appellant was in an ambulance or in the hospital. Appellant cites to *State v. Wilson*, 273 S.W.3d 80 (Mo. App. W.D. 2008), as being squarely on point. In *Wilson*, the only time frame that the jury heard between the accident and the signs of intoxication was within twenty-four hours. The State did not narrow down the time between the accident and the investigation in the hospital. The appellate court ruled that twenty-four hours was just too long. That is not the case before us.

While twenty-four hours between an accident and observable signs of intoxication rendered the *Wilson* conviction too speculative, in this case, it is a reasonable inference by the jury that in the roughly one hour between the time of the accident and the observations by law enforcement in the hospital, at a time when Appellant was either in an ambulance or hospital, Appellant did not ingest methamphetamine. It is therefore a reasonable inference that the methamphetamine was already in his system at the time of the accident. The exhibition of signs of intoxication one hour later, coupled with all of the circumstances surrounding the motor-vehicle accident, support those inferences. The trial court did not err in refusing to grant the judgment of acquittal. Point II is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs